John W. Smith's Adm'rs v. Casimero de la Garza.

The objection that the defendant, having pleaded the title of the deceased Garza, could not, at the same time, claim by prescription, in his own right, under the Statute of limitations, is not tenable.  He claimed to be rightfully possessed of the land, in right of his wife, who was the sole heir of said Garza ; and the two pleas were not inconsistent.

Where the defendant in an action of trespass to try title. pleaded title in his wife as heir of one Garza, and that he held possession as tenant of the administrator of said Garza, and also pleaded adverse possession for ten years, it was held that the right of the defendant under the plea of limitation was not impaired, as against the plaintiff, by his plea of tenancy under the administrator of Garza.

The patent to the plaintiff's intestate bears date in February, 1842, more than ten years before the institution of this suit.   The defendant, the husband, it is true, was temporarily absent during the troubles of 1842 ; but it is also in evidence that the wife remained in possession during the absence of the husband, and it can scarcely be seriously contended that a temporary absence by the husband, from his home, his wife remaining, in the meantime, in the possession of it, will be such an interruption of the possession as to stop the running of the Statute, especially where the claim set up is in right of the wife. .

And it is not questioned, that though the right of the Government may not be barred by time, the Statute would commence to run, from the date of the grant of the land by the Government, in favor of a possession adverse to that of the grantee.

But again, it is said the judgment is erroneous, for that it is in favor of the wife, who was not a party to the record.   It is true, the land is adjudged to the wife ; and in this we think there was no error.  The husband claimed to be possessed in right of his wife ; and though she is not made a party to the record, by the service of process, or by pleadings in her own name, yet her right was asserted in the answer ; and it was upon that, the issue must be rendered as having been made.

To the objection that the Court erred in refusing to set aside the survey, (made in pursuance of a final decree ordering it to be made with the usual front on the river) at the instance of the plaintiff, on the ground that it gave too large a front on the river, it is a sufficient answer that it does not appear by any statement of facts, or otherwise by the record, that a less front could have been given so as to include the defendant's improvements, and have due respect to the surveys of the proprietors of the adjacent lands.

Appeal from Bexar.   Action of trespass to try title, by the

appellants, as administrators of John W. Smith, against Casimero de la Garza, commenced March 4th, 1852. Answer by defendant, that he is in possession of the following described tract of land (same as in petition) for this that he is the husband of Juliana de la Garza, who is sole heir at law of Refugio de la Garza, late of said county, deceased, who was the owner of the above described land, and further that he is the tenant of Marius Cheusse, the administrator of the estate of Refugio de la Garza; and now comes Marius Cheusse, administrator of the estate of Refugio de la Garza and defends said suit, and says that his intestate claimed and owned the above described tract of land by virtue of a grant from the Government of Spain to the said Refugio de la Garza, sometime previous to the year 1819; defendant further says that the said Refugio de la Garza has held uninterrupted and peaceable possession of the said land since the year 1819, now more than thirty years.

The amended answer of Casimero de la Garza and wife, leave of the Court first being had and obtained, in the above entitled cause, respectfully represents, &c., alleging the destruction of the grant to Refugio de la Garza, by some evil minded person, and praying leave to introduce parol evidence of its existence and contents.

There was a second amended answer as follows:

In the above entitled cause defendant, for amended answer, leave of the Court first being had and obtained, says, that if the original matters set up in original answer and first amended answer should not be sustained, then plaintiffs ought not to have and maintain their said suit, as to these defendants, to the extent of 640 acres of land to be surveyed in a square form and to have a front on the San Antonio River and the San Pedro Creek, and to include their improvements, by reason of their settlement, occupation, use, enjoyment and cultivation of the same for ten years consecutively and uninterruptedly immediately preceding the institution of this suit; wherefore

they pray accordingly and plead Statute of Limitation of ten years.

The plaintiffs proved a patent to John W. Smith, their intestate, dated February 25th, 1842, for the land described in the petition.

The defendant proved that Refugio de la Garza came to San antonio in 1819 and took possession of the premises in controversy, and established a rancho there ; that he received some sort of a title from the authorities, and continued to reside there until the troubles of 1842, at which time he went to Mexico ; that Casimero de la Garza left at the same time and went with Refugio de la Garza, and returned in 1843. In the interim Juliana de la Garza remained on the rancho ; the rancho was usually held by Casimero de la Garza. Plaintiff excepted to the evidence about a grant to Refugio de la Garza, on the ground that there was no affidavit of its loss, but the objection was overruled. The testimony left it doubtful whether the title was not merely an *amparo,* but there was evidence to the effect that John W. Smith, the intestate, and others, at the time Gen. Vasques was in San Antonio, came to the house of Refugio de la Garza, in the night time, during the absence of the latter, and carried off his title papers from the trunk where he kept them. The defendant also introduced evidence to the effect that the archives of Bexar were very much scattered and roughly treated in 1835. Refugio de la Garza, being a priest, died without heirs of his body. Juliana, the wife of Casimera, was his only sister. He had one brother, Vicente, who died without issue. The priest and his tenants have had possession of the lands all the time from 1821 to the present ; that Juliana, the wife of Casimero, was the sister of the priest ; there was a crop of corn grown at the rancho, by Casimero de la Garza, in the year 1841.

Plaintiff, rebutting, introduced a witness who testified that he went to Casimero de la Garza in the year 1850 to buy a pecan tree for timber ; that Casimero told him that he had no

permission to sell timber off the land ; that it was Mr. Lee's land ; that Mr. Lee had given him permission to live there, and that he was taking care of the premises for him ; he offered to sell witness a dead tree.

A single instruction was asked by each party, and refused ; but they are not material to this report.

Verdict, "We, the jury, find for the defendant six hundred and forty acres including his homestead." Judgment quieting "the defendants, Casimero de la Garza and wife," in the title and possession of 640 acres of land including their improvements ; such survey to have such front on the San Antonio river as by law is allowed to a survey of 640 acres on streams of the average width of thirty feet, and to extend back within parallel lines so as to include the quantity of 640 acres ; appointing three commissioners to make the survey. Survey returned. Motion to set the same aside, on the ground that too much front was allowed on the river. Overruled. No statement of the facts on said motion.

*J. Denison* and *J. P. Jones,* for appellant. I. The first ground relied upon by appellant is that the verdict and decree are not warranted by the pleadings and proof ; wherefore a new trial ought to have been granted.

1st. The judgment of the Court below was rendered in favor of a party who was not before the Court. Juliana de la Garza nowhere appears from the record as coming and claiming in her own right or as a party to the suit. The judgment was as to her a nullity.

2d. Casimero de la Garza appears in his original answer, pleading a title in the succession of Refugio de la Garza, of whose administrator he was the tenant. Whereupon comes said administrator and sets up the title of his intestate. If then the proof exhibited such a title, the decree of the Court should have been in favor of the administrator, as such, and

the boundaries having been set out in both claims as identical, the patent to plaintiff's intestate should have been cancelled.

3d. Or, defendant having sustained a title to a part only of the premises, the decree, in confirming to him that part, should have decreed to plaintiff the remainder.

4th. Defendant having elected in his original answer to rely upon the title of Refugio de la Garza, he thereby precluded himself from taking advantage of the 17th Section of the Limitation Law of 1841, and claiming for himself thereunder. He further precluded himself from such a course, by expressly declaring his character as a tenant of the administrator of said Garza. But the jury evidently disregarded all the evidence with respect to the grant alleged to have been made to Garza in 1821, and based their verdict solely upon the evidence of the ten years' possession, which was contrary to law and would entitle plaintiff to a new trial.

5th. The verdict of the jury was contrary to the evidence. Defendant having thrown his defence upon the ten years' prescription, brought himself under the necessity of proving affirmatively and clearly that all the requirements of the Statute had been complied with. No limitation will bar the Government. If the title of the priest Garza was invalid, the land was a portion of the public domain of Texas, till the date of the patent to Smith. The limitation consequently did not commence to run till that date. The defendant left the country in the beginning of that year, for aught that the testimony discloses. His possession previous to that year could not avail him. The time, then, must be computed from the date of his return, which was in 1843, and being so computed, he fails to bring himself within the Statute. Furthermore, there is no evidence on the part of defendant showing that he either regarded the land as his own, or treated it as such. The witness, Hall, on the other hand, shows that he did not regard it as his own, but that he considered it the property of Mr. Lee, the husband of plaintiff in this suit, who had given him permission to live there, and

that he had no privilege upon the land except as a tenant. These facts are uncontradicted.

II. The Court erred in overruling plaintiff's objection to the admission of evidence of the contents of a lost grant, before previously making the proof required by law. (1 Greenl. Ev. p. 464–5.)

III. The Court below erred in overruling the motion to set aside the survey and partition made and returned in this case.

*I. A. & G. W. Paschal,* for appellee. In this case the defendant fully proved prescription under the 17th Section of the Statute of Limitations ; and indeed a strong case for the Court to instruct the jury to presume a grant.

Had the jury presumed a grant, the verdict would have been sustained ; because these presumptions are in analogy to our Statute of Limitations. (Jones v. Borden, 4 Tex. R. 410 ; City of San Antonio v. Lewis, 7 Id. 288 ; Herndon v. Casiano, Id. 322 ; Paul v. Percy, Id. 388 ; Dangerfield v. Paschals, 11 Id.)

Upon the principle of these cases, and the plain letter of the Statute, there is no error in the record.

*R. Howard,* also for appellee.

WHEELER, J. It appears indisputably, by the evidence, that the defendants, and the deceased Garza, under whom they claimed, had been in the continued, undisputed possession, cultivating, using and enjoying the land in question, instead of ten, for a period of more than thirty years prior to the commencement of this suit, under a claim of title. It cannot be doubted, that this was sufficient, at least, to entitle them to the quantity of land adjudged to them in this case, under the provision of the 17th Section of the Statute of Limitations. (Hart. Dig. Art. 2393 ; Charle v. Saffold, 13 Tex. R. 111.)

The objection that the defendant, having pleaded the title

of the deceased Garza, could not, at the same time, claim by prescription, in his own right, under the Statute of Limitations, is not tenable. He claimed to be rightfully possessed of the land in right of his wife, who was the sole heir of the first possessor. The plea and claim of title in the defendant by prescription under the Statute, was not inconsistent with his former plea. Nor did he preclude himself from claiming the benefit of the Statute, by asserting a right of possession in the double capacity of husband of the sole heir, and tenant of the administrator of the first possessor. It may not have been necessary for the defendant to state in whose right he was possessed of the land, to entitle him to the benefit of the provision of the 17th Section of the Statute. But his having done so cannot operate to his prejudice, inasmuch as the right he asserted was adverse to that of the plaintiff. There is nothing in the pleas which is repugnant, or inconsistent with the possessory right asserted as against the plaintiff. And if, as insisted, the jury disregarded the defendant's evidence in support of his plea of title in the wife, and found solely upon the evidence of possession, thereby virtually denying the defendant's right to the extent of their title which he set up, that surely is not matter of which the plaintiff can complain.

But it is insisted that, as the right of the Government is not barred by limitation, and the Statute, consequently could not commence to run in favor of the defendant's possession until the grant of the land by the Government to the plaintiff's intestate, and it does not appear that the defendant was in possession at the date of the grant, or until the next year, his previous possession cannot avail him, and that time enough had not elapsed from the period of his return, in 1843, to bring him within the provision of the Statute. The patent to the plaintiff's intestate bears date in February, 1842, more than ten years before the institution of this suit. The defendant, the husband, it is true, was temporarily absent during the troubles of 1842; but it is also in evidence (and if there was any con-

flict in the testimony upon this point, it was a question for the jury, which their verdict must be held to have decided in favor of the defendants,) that the wife remained in possession during the absence of the husband.  And it can scarcely be seriously contended, that a temporary absence by the husband from his home, his wife remaining, in the mean time, in the possession of it, will be such an interruption of the possession as to stop the running of the Statute ; especially when the claim set up by the husband is in right of his wife.  There does not appear to have been any change of residence ; and there was no abandonment or interruption of possession.  That was continued and peaceable, and does not appear to have been disputed until the commencement of this suit; which, as we have seen, was not within ten years from the date of the grant to the plaintiff's intestate.  And it is not questioned, that, though the right of the Government may not be barred by time, the Statute would commence to run from the date of the grant of the land by the Government, in favor of a possession adverse to the grantee. As there was evidence of a continued possession by the wife, it is not necessary to inquire whether a temporary absence at such a time, was of a character to interrupt possession and stop the running of the Statute.

But again, it is said the judgment is erroneous, for that it is in favor of the wife, who was not a party to the record.  It is true, the land is adjudged to the wife ; and in this, we think, there is no error.  The husband claimed to be possessed in right of his wife ; and though she is not made a party to the record by the service of process, or by pleading in her own name, yet her right was asserted in the answer; and upon that, the issue must be considered as having been made.  The decision of the issue in favor of the defendant established the right of the wife, and it is not perceived that the plaintiff can have cause of complaint that judgment was rendered accordingly.  Whether the judgment would bind the wife, where her right is thus brought in question, is not material to the present inquiry.  (Cannon v.

Hemphill, 7 Tex. R. 184.)   The judgment was certainly bind-
ing as between the plaintiff and the husband, who was the
party sued.   And that the land was adjudged to the wife can-
not affect injuriously any right of the plaintiff.   It will not be
denied that it was competent for the husband to assert and
maintain or defend his possession in right of his wife.

To the objection that the Court erred in refusing to set
aside the survey, at the instance of the plaintiff, on the ground
that it gave too large a front on the river, it is a sufficient an-
swer, that it does not appear by any statement of facts, or
otherwise by the record, that a less front could have been
given so as to include the defendants improvements, and have
due respect to the surveys of the proprietors of the adjacent
lands.

The view we have taken of the case dispenses with the ne-
cessity of revising the rulings of the Court upon the admissi-
bility of the defendant's evidence of title.   We are of opinion
that there is no error in the judgment, and it is affirmed.

Judgment affirmed.