## Henry Ash v. D. A. Akin.

### No. 204.

**1. ·Effect of Garnishment.** — When the trustee in a deed of trust made by the debtor for the benefit of certain preferred creditors, is garnished by the non-preferred creditors, who attack the validity of the trust deed upon the ground of fraud, the service of the writ places the effects held by him under the trust deed in the custody of the law, and fixes a lien upon them, in case they are subject to the nonpreferred debts of the debtor, in favor of such creditors.

**2. Right of Garnishee to Hold Effects.** — The garnishment suits in which the trustee had been cited as garnishee not having been decided, and the trustee being directed by the trust deed to pay over proceeds of sales of goods to the preferred creditors, and the question of the validity of the trust deed being undecided, it was the duty of the garnishee to hold the goods or their proceeds, in order to apply them in accordance with the judgment of the court, when it should determine the rights of the parties. A subsequent garnishment creditor had no better right to the proceeds of sales in the hands of the trustee than did G. Ash, to whom, by the terms of the trust deed, it was payable; and neither had right of recovery so long as there were garnishments in force against the trustee.

**3. Bond of Indemnity.**—We know of no authority by which a garnishee may be required to surrender property which he is entitled to hold for his protection, and to accept in its stead the personal undertaking of the creditor and his sureties.

**4. Garnishee Entitled to Protection, When.**—Though the trustee had money in his hands, proceeds of sales of the goods, which by the terms of the trust deed may have been payable to G. Ash, the debtor of appellee, and though G. Ash was not a party to any of the other garnishment suits, the trustee is a party to them, and judgment may be rendered against him as garnishee in favor of those creditors, and G. Ash is not a necessary party to a valid judgment in those suits; and as the garnishee seeks the protection of the court against a double liability, he is entitled to it.

**5. Delay.**—The case should not be indefinitely continued until the other cases are disposed of, nor unreasonably delayed, but such proceedings should be had as to reach a definite determination of the rights respecting the fund.

Appeal from Anderson. Tried below before Hon. W. G. W. Jowers.

December 15, 1890, Theo. Ash executed a deed of trust, by which he conveyed to Henry Ash, trustee, two stocks of goods. The deed of trust directed that the goods should be sold and the proceeds applied to the payment of certain preferred creditors of Theo. Ash, and one of the named preferred creditors was Gabriel Ash, to whom was due $4800.

While Henry Ash was executing said trust, and prior to June 20, 1891, eighteen nonpreferred creditors of Theo. Ash, whose debts amount to more than the entire proceeds of the goods, filed suits against Theo. Ash for the recovery of their respective debts, and sued out writs of garnishment against Henry Ash, the trustee, attacking the validity of the trust deed, upon the ground that it was fraudulent, and that the $4800 debt claimed to be due Gabriel Ash was fictitious and unreal.

All of the garnishment suits were pending at the time of trial of this case, except one, in which the validity of the trust deed had been sustained in the District Court, but the case was still pending on appeal when this cause was tried.

Akin sued Gabriel Ash on June 20, 1891, and at the same time sued out a writ of garnishment against Henry Ash, and on July 8, 1891, recovered judgment against Gabriel Ash for $379.20 and costs.

The answer of Henry Ash as garnishee admitted that he had in his hands $3613.38, proceeds of sale of the goods, to be paid on the debt due Gabriel Ash, set out the above facts, and claimed that no judgment could be rendered in this case until a decision as to the validity of the trust deed. Akin tendered the garnishee a bond of indemnity, and the court gave judgment against him, and directed that he should pay over to the clerk of the court the amount of Akin's judgment within one day after the adjournment of the court.

*Gregg & Reeves*, for appellant.

*Thomas B. Greenwood*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—By the service of the garnishments upon appellant in the suits of the creditors of Theo. Ash, the effects held by him under the deed of trust were put in the custody of the law, and a lien was fixed upon them in case they were subject to Theo. Ash's debts in favor of the plaintiffs in those suits. Focke, Wilkens & Lange v. Blum, 82 Texas, 439; Harrell v. Cattle Co., 73 Texas, 614.

It was the duty of the garnishee to hold them, in order to apply them in accordance with the judgment of the court, when it should determine the rights of the parties. Waples on Attach., 290–292. If he has converted them into money, this may make him liable to the garnishing creditors for their value; but it does not, we think, defeat his right, as against appellee, to hold the proceeds with which to meet such liability, if established by the courts in which those suits are pending. Appellee by his garnishment acquired no greater right to the fund held by appellant than Gabriel Ash had. Appellant, it is true, received the money in trust for Gabriel Ash, but the latter had no right to recover it of him so long as there were garnishments in force requiring appellee to hold it. Waples, 197–199.

The court below, therefore, should not have rendered judgment requiring appellant to pay over to appellee a part of the funds thus held, unless the bond of indemnity entitled the latter to it. We know of no authority by which a garnishee may be required to surrender property which he is entitled to hold for his protection, and to accept in its stead the personal undertaking of the creditor and sureties. The authorities cited

by appellee do not sustain such a proposition.    That Gabriel Ash is not
a party to the other suits, and not therefore to be bound by judgments
which may be rendered therein, does not affect the question.    Appel-
lant is a party, and a judgment may be rendered against him as garnishee
in favor of the creditors of Theo. Ash, which will bind him.    Gabriel Ash
is not a party necessary to a valid judgment in those suits.

The cases cited by appellee are not applicable.    Alamo Ice Co. v.
Yancey, 66 Texas, 187–189; Arthur v. Batte, 42 Texas, 159.

In the first case, the garnishee in his answer admitted his indebtedness
to the judgment debtor, and asked no relief.    An intervenor came in,
asserting a right to the debt owed by the garnishee.    His petition was
excluded on exception, and there stood before the court the answer of
the garnishee admitting the indebtedness and giving no reason why judg-
ment should not be rendered against him.    The court held that no course
was open but to render judgment.

In Arthur v. Batte a creditor of Batte had garnished one Hughes in
the Federal court.    Batte had subsequently recovered judgment against
Hughes in a State court on the demand sought to be reached by the gar-
nishment, and was proceeding to collect it by execution. · Arthur, the
creditor, sought an injunction to restrain such execution in aid of his
garnishment.    The court held, that he could not maintain such proceed-
ing, because, among other reasons, it was for Hughes to take proper steps
to protect himself against double liability.

Here the appellant sought the protection of the court in which appel-
lee's garnishment was pending.    His plea was very defective, and the
exceptions to it should have been sustained.    But the court overruled
them, holding the answer sufficient; and appellant then showed a state of
facts which, under the ruling on the exceptions, should have exempted
him from judgment.    The court held him liable because a bond was
tendered to secure him against loss.    Thus by the action of the court he
was prevented from doing anything more than he had attempted, and at
the same time judgment was rendered against him on a ground which,
we have seen, did not authorize it.   ·

When the case goes back the exceptions to the answer should be sus-
tained, and if appellant then seeks to perfect his pleadings, he should be
allowed to do so, and an opportunity afforded him to take such other
timely steps as will protect him against double recoveries.

The case should not be indefinitely continued until the other cases are
disposed of, nor unreasonably delayed, but such proceedings should be
had as to reach a definite determination of the rights respecting the fund.

*Reversed and remanded.*

Delivered January 26, 1893.