MARY J. HOXIE, EXECUTRIX, v. FARMERS AND MECHANICS NATIONAL BANK OF FORT WORTH.

Decided February 18, 1899.

1. **Answer in Suit on Note—Sworn Denial of Execution.**

Where an executrix was sued on notes charged to have been executed by an agent by authority of her testator, and her answer consisted of only the general denial, without any sworn plea denying the execution of the note, as required by article 2318, Revised Statutes, the introduction of the notes with proof of the agency was sufficient to warrant the instruction of a verdict against her, although the name of her testator did not appear on the face of the notes or the signatures thereto.

**2. Same—Separate Denial Does Not Avail Codefendant.**

Where notes sued on are alleged to have been executed by authority of the defendants, a separate denial of their execution by one defendant is not available to another who pleaded only the general denial.

**3. Judgment—Res Judicata—Payment and Contribution.**

Where, in an action against several defendants jointly and severally liable, there is no pleading as between the defendants, and the judgment is for plaintiff against one of them only, such judgment will not preclude him from compelling contribution from the others upon his paying the judgment.

**4. Judgment Against Partner.**

Since the liability of a partner is joint and several, he can not complain that judgment in a suit for a firm debt is rendered against him alone.

**5. Evidence—Transactions with Decedent.**

Defendant partners in an action upon a partnership debt against them and the executrix of a deceased partner may testify over her objection to transactions with or statements by her testator, since the inhibition of article 2302, Revised Statutes, applies only to "actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, as such."

APPEAL from Tarrant.   Tried below before Hon. W. D. HARRIS.

*Hogsett & Orrick,* for appellant.

*W. D. Williams, J. B. Davies,* and *Humphreys & McLean,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The appellee bank sued appellant as the executrix of John R. Hoxie, deceased, and C. H. Silliman, M. C. Hurley, J. P. Smith, R. A. Rogers, S. D. Rainey, Jr., R. H. Sellers, and others upon two negotiable promissory notes, one in the sum of $500, dated November 3, 1890, payable to the order of S. D. Rainey, Jr., cashier of the Farmers and Mechanics National Bank of Fort Worth, Texas, signed "Hurley, Silliman & Co., by R. H. Sellers, agent," and the other in the sum of $1338.28, dated December 31, 1890, payable and signed in the same manner.

The bank recovered a judgment against appellant, but failed to recover against the other parties sued.   From that judgment the pending appeal of Mrs. Hoxie, the executrix, was the only appeal taken.

The bank sought to hold the several parties sued as partners, alleging, substantially, that on November 1, 1890, they undertook to form a private corporation for the purpose of engaging in the business of buying, selling, and owning lands in Texas for profit, and undertook to purchase a charter, so soon as one could be obtained, authorizing the transaction of such business, and agreed each to take a given amount of the capital stock in the company; that in order to take advantage of the opportunity then presented of purchasing lands at a bargain, without waiting until a charter could be obtained, it was further agreed that R. H. Sellers, one of them, should proceed at once as their agent, without waiting for the charter, to purchase certain lands and options on lands for the company, which Sellers proceeded to do, and that in pursuance of this undertaking Sellers borrowed the money represented in the notes at the request of his associates, for the purpose of paying for the lands and the

incidental expenses, and that the money was so expended, Hurley, Silliman & Co. being adopted as the partnership name in the borrowing and disbursement of this money, and that in signing said name to the notes in question Sellers intended to designate and include all of the parties concerned in the undertaking. The petition further alleged that no charter was ever obtained, and that no money was ever. paid into the concern, and that the parties had failed to pay the notes at maturity, charging expressly and by the facts alleged both a joint and a several liability. The bank further alleged that, if mistaken in the view that they were liable as partners, the money had been borrowed and the notes executed by Sellers at the instance and request of each of the other parties, and that Sellers was their authorized agent in the transaction, praying to recover the full amount of the notes from all the defendants, but if it should be found that less than all had entered into the agreement and become liable, for judgment against such as were liable.

The answer of Sellers denied the execution of the notes in the manner alleged, and charged that the money had been borrowed and the notes executed under the direction of John R. Hoxie, and with the intention of binding him only, and that the bank had taken the notes with that understanding. This answer, which was sworn to, contained an express denial of the execution of the notes on behalf of Sellers, as well as a denial of the partnership. The verified answers of the other defendants were of like import, denying the authority of Sellers to execute the notes, and denying the alleged partnership. Mrs. Hoxie, the widow and executrix of John R. Hoxie, deceased, answered by general denial only, and without any sworn plea. No recovery, as the pleadings stood when the case was tried, was sought against her by any of the other defendants, nor did she seek to adjudicate any right or claim she might have against them.

The court instructed a verdict against her upon the ground that the evidence showed her to be liable; but the issues made by the answers of the other defendants were submitted to the jury, who returned a verdict in their favor.

Since appellant filed only a general denial, the introduction of the notes in evidence, though not purporting on their face to have been executed by her testator, nevertheless, perforce of article 2318, Revised Statutes, and the allegations of the bank's petition, made out the case against her. City Waterworks v. White, 61 Texas, 536, and other cases. The special pleas of the other defendants denying under oath the partnership may have been available to her on that issue, but in denying each for himself that Sellers had authority to execute the notes, they did not deny his authority to execute them so far as Hoxie was concerned.

Besides, if the requisite plea had been filed, the evidence did not admit of a verdict for appellant. The testimony showed with conclusive effect that if the alleged partnership ever existed in any form, John R. Hoxie at least was not only a member but a leading member; and it showed with like effect that if no such partnership had ever been formed John

R. Hoxie at least had not only authorized but instructed Sellers to borrow the money from the bank and execute the notes in the form declared on. See Spencer v. Jones, 47 S. W. Rep., 29.

Whether the evidence warranted the verdict in favor of the other defendants we need not determine, inasmuch as the bank has not appealed from the judgment rendered against it. Appellant, however, insists that she is interested in the result of that judgment, because of the duty of contribution which she claims the other parties would owe her in case she should have to pay to the bank the judgment against her; the contention being that the judgment in favor of such other parties, if allowed to stand, would bar her right to contribution.

But we do not so understand the law. If a partnership was formed as alleged, and the debt sued for in this case was a partnership debt, the failure of the bank to recover against any particular partner, while it would conclude the bank, would have no such effect in a suit to wind up the partnership and adjust the rights and liabilities of the partners among themselves. And if no partnership existed, but only a joint and several liability as co-obligors, as further alleged, the result would be the same. The right to contribution arises upon the payment of more than one's share of a common liability, and rests upon an implied promise not declared on or made an issue in the suit of the creditor against the common debtors.

No cause of action for contribution had arisen when the issues in this case were tried; nor did the pleadings upon which the case was tried attempt to raise such an issue. The only issue involved was the right of the bank to recover against the defendants in the action, one, or more, or all of them. The bank seems to have been content with a recovery against one only, the appellant. As the liability was several, though it may have been also joint, if liable at all, she can not complain of the recovery by the bank in that form. As between the defendants, no such issues were made by the pleadings as to warrant any judgment except for or against the bank. That the other defendants may have obtained a verdict in their favor upon facts alleged by them to show that appellant only was liable, did not make them adversary parties to her. Such facts were alleged to defeat the bank's recovery against them, and that only, and were relevant to no other issue.

For an able discussion of this question, see the opinion of the Supreme Court of Ohio in Koelsch v. Mixer, 39 Northeastern Reporter, 417, the principle and case being thus briefly stated in the syllabus by the court: "1. A judgment rendered in an action is not conclusive on the parties in subsequent litigation, unless they were adversary parties in the former suit. 2. In a suit wherein the plaintiff sought to recover from an administrator contribution to the sum paid by the plaintiff in satisfaction of a judgment recovered on a bond claimed to have been signed by the plaintiff and the decedent as cosureties, the defendant answered that he was sued with the plaintiff in the suit on the alleged bond, and by the

verdict of the jury was relieved from liability thereon. Held, that the judgment rendered on the verdict was not conclusive between the parties in the suit for contribution." See, also, the opinion of Justice Head in Still v. Lombardy, 8 Texas Civ. App., 315; and, so far as applicable, the opinion of Justice Brown in Faires v. Cockrell, 88 Texas, 428.

There was therefore no error, as assigned, in permitting the other defendants to testify over appellant's objections to transactions with or statements by her testator, since the inhibition of article 2302, Revised Statutes, applies only to "actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such." As between the defendants no judgment could have been rendered for or against appellant, and she was not, as to them, the "opposite party" mentioned in this article of the statute. See Roberts v. Yarboro, 41 Texas, 449; Bennett v. Frary, 55 Texas, 145.

The other testimony objected to was harmless. Indeed, in the absence of a sworn plea on the part of appellant denying the authority of Sellers, as agent of her testator, to execute the notes, none of the errors assigned to the judgment against her would seem to be available, though we have considered them and find no merit in them.

We conclude, therefore, that the only judgment which this appeal brings before us for review is that rendered against appellant, and consequently that her assignments of error complaining of the judgment in favor of her codefendants against the bank can not be considered; and further, that the latter judgment would not bar her right to contribution, should she pay off the former judgment and be able to establish the liability of others to make contribution.

The question raised as to the attorney's fee is not an open one in this court, and need not be discussed.

Upon the foregoing conclusion the judgment is affirmed.

*Affirmed.*

Writ of error refused.