LIZZIE M. JACKSON ET AL. v. GEORGE W. WEST ET AL.

Decided January 9, 1900.

**1. Estoppel—Judgment on Note Binding on Real Owner Not a Party.**

Where one who holds the legal title to a note by due indorsement brings suit thereon against the makers, the judgment in such case is binding by estoppel against one who was the real or beneficial owner and who knew of such suit, though not a party thereto.

**2. Practice—Agreed Case—Judicial Notice.**

Where the judgment in an action on a note is affirmed by the appellate court as to some defendants and reversed as to another, and afterwards another suit is brought on the note by a different plaintiff, and is tried on an agreed statement reciting that the judgment in the former suit was affirmed on appeal, the trial court can not take judicial notice to the contrary, but must try the case on the record and agreement before it.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*James Raley,* for appellants.

*Franklin, Cobbs & McGown* and *Proctors,* for appellees.

FLY, ASSOCIATE JUSTICE.—Mrs. Jackson, joined by her husband, pro forma, instituted suit on a promissory note for $3500, signed by Lionel H. Graham and George W. West, payable to C. K. Breneman. The case was tried by the court and resulted in a judgment for appellees.

It appears from the evidence that before the institution of this suit, suit had been brought by one Major Hart, through his agent, the husband of Mrs. Jackson, on the note sued on in this case, against the same parties, which resulted in a judgment in favor of the makers of the note, and in favor of Hart against C. K. Breneman, the payee and indorser of the note. It appears in the statement of facts that the judgment of the District Court was affirmed by this court and the Supreme Court. Mrs. Jackson admitted that she knew of the institution of the suit by Hart, and swore that the note was bought for the benefit of Hart and with her knowledge and consent. She stated that she thought that the money was the note of Hart at the time it was bought, and only changed her mind on account of what was said by the Court of Civil Appeals in its opinion. She knew, however, that the will she claims to have made in favor of Hart did not take effect until her death, and is charged with the knowledge that the note was her property, and that she would be the beneficiary of any judgment obtained by Hart. After the decision of the Hart case, the note was withdrawn and the attorney for Mrs. Jackson wrote above the name of the indorser, "Pay Lizzie M. Jackson."

The District Court, in the case of Hart v. West, by rendering judgment against Breneman in favor of Hart, adjudicated that Hart was the holder of the note, and Mrs. Jackson swore that Hart was holding the note with her knowledge and consent. It does not matter that she did not know that the note was her property; she did know that her husband was holding it for Hart, and that he instituted suit for him thereon. The evidence establishes the fact that Hart was the legal holder of the note, and that he was authorized as such holder to institute and prosecute the suit, and Mrs. Jackson being charged with the knowledge that she was the beneficial owner of the note, and knew that the suit was being prosecuted, would be estopped by the judgment rendered in such suit. Jones v. Butler (Texas Civ. App.), 42 S. W. Rep., 367; Schauer v. Beitel, 92 Texas, 601; Grounds v. Sloan, 73 Texas, 662.

Whatever may have been the evidence in the case of Hart v. West, the evidence is uncontradicted in this case that Hart was the holder of the note when he instituted his suit. What may have been said by this court in regard to the evidence in that case can have no possible bearing on this case.

*Affirmed.*

### ON MOTION FOR REHEARING.

In the trial court it was agreed "that the judgment of the District Court in said case of Hart v. West and Graham was affirmed by the Court of Civil Appeals on appeal, and the judgment of that court affirmed on writ of error to the Supreme Court of Texas." This court judicially knows that the judgment of the District Court in the case of Hart v. West and Graham was only affirmed as to West and Graham, but was reversed as to C. K. Breneman, but the District Court had no judicial knowledge of the judgment of this court, and was in duty bound and compelled to try the cause upon a solemn agreement upon the part of appellant that the judgment was affirmed in this and the Supreme Court.

The facts of this case establish that the note sued on has at all times been the property of Mrs. Jackson, and that she was the beneficiary in the suit instituted in the name of Hart. There are, perhaps, in the opinion delivered by this court in the case of Hart y. West, 16 Texas Civil Appeals, 395, expressions that may have led to the conclusion that it was the intention of this court to hold that the holder of negotiable paper indorsed in blank can not recover on the same when the benefits of the recovery would rest in another. No such ruling was contemplated in that decision, and nothing of the sort can be found in the opinion of the Supreme Court in that case. The opinion rested on the fraud of the parties connected with the transaction. Hart v. West, 91 Texas, 184.

The District Court on the trial of the cause of Hart v. West proceeded upon the presumption that Hart was the legal holder of the note, and the issue as to who was the legal holder was not submitted to the jury. Hart v. West, 91 Texas, 184. When a judgment was rendered in that case against Hart, it had the effect of adjudicating that he was the legal holder

·of the note and authorized to prosecute the suit, and it having been agreed that the judgment was affirmed by this court, we can not go outside of the testimony and arbitrarily decide this case on evidence not found in the statement of facts.

The motion is overruled.

*Overruled.*

Writ of error refused.