HOUSTON EAST & WEST TEXAS RAILWAY COMPANY V. SKEETER BROS.

Decided November 2, 1906.

**1.—Fundamental Error.**

Fundamental error in the proceedings in the trial court may be presented, and will be considered on appeal, although no assignment is filed in the trial court.

**2.—Same—Judgment for Plaintiff not Suing—Nullity.**

A judgment in favor of a person not a party to the suit is a nullity, both as to such person and the defendant.

**3.—Same—Same.**

Suit was filed in a Justice Court by one person for $19.95; judgment was rendered for $15 against the defendant, but in favor of a partnership of which the plaintiff and another constituted the members. Held, the judgment was a nullity, and was properly enjoined by the District Court.

ON REHEARING.

**4.—Ambiguous Judgment—Case Distinguished.**

The case of Dunlap v. Sutherlin (63 Texas, 38) has no application to a case in which there is no ambiguity as to the party in whose favor the judgment was rendered.

**5.—Judgment—Amendment—Rev. Stats., Art. 1357.**

Where the suit is by one party and the judgment is in favor of another, article 1357 Revised Statutes furnishes a remedy by which the judgment may be made to conform to the record.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*Blount & Garrison* and *Baker, Botts, Parker & Garwood,* for appellant.

*Ingraham, Middlebrook & Hodges,* for appellee.—An injunction will not lie when an adequate remedy at law exists.

An injunction will not lie to enjoin the collection of a judgment from the Justice Court, because the amount sued for therein is too small to appeal to the County Court.

An injunction will not be granted to correct clerical errors, especially so when upon application to the court trying the case the court is permitted and authorized to make such correction. Rev. Stats., arts. 1356, 1357 of 1895; Morris v. Coleman Co., 35 S. W. Rep., 29; Young v. Pfeiffer, 30 S. W. Rep., 94; Raley v. Sweeney, 60 S. W. Rep., 573; Ximenes v. Ximenes, 43 Texas, 463; Chestnutt v. Pollard, 77 Texas, 87; Davis v. Rankin, 50 Texas, 285; Green v. Brown, 15 S. W. Rep., 37; Clayton v. Hurt, 88 Texas, 595; Litney v. Marshall, 79 Texas, 515;

Gulf, C. & S. F. Ry. Co. v. Henderson, 83 Texas, 70; Roast v. Hughs, 33 S. W. Rep., 1003; Hume v. Schintz, 90 Texas, 72.

GILL, CHIEF JUSTICE.—This action was brought by the Houston, East & West Texas Railway Company in the District Court of Nacogdoches County to enjoin the enforcement of a judgment rendered in the Justice Court of precinct No. 8 of that county. It was averred in the bill, in substance, that on the 30th day of June, 1905, the firm of Skeeter Bros. filed suit in precinct No. 8 against the plaintiff herein for $25 as damages for the alleged killing of a cow by the company. On July 14, 1905, that suit was dismissed by the plaintiffs therein at their cost. On the same day W. T. Skeeter filed suit in the Justice Court of precinct No. 8 of that county against the railway company to recover $19.95 as damages for the killing of a cow, it being the same cow for the killing of which the other suit was brought. That in this last suit the company was duly cited to appear and answer the suit of W. T. Skeeter, the cow being alleged to be the property of W. T. Skeeter. That the cause was called regularly for trial August 14, 1905, whereupon judgment was rendered therein in favor of Skeeter Bros., a firm composed of W. T. and F. F. Skeeter, against the railroad company for $15. That neither F. F. Skeeter nor the firm of Skeeter Bros. had been made a party plaintiff in that suit. That the railway company had not been sued by the said F. F. Skeeter or the firm, and the company had not been cited to answer any such suit. That thereafter an execution was issue on said judgment and was levied on the property of the plaintiff railroad company. That the judgment was void because rendered in favor of parties in no way connected with the litigation. That the sum involved was and is less than $20, hence the plaintiff company had not the right of appeal and has no remedy against the enforcement of that judgment save by injunction which was prayed for. A preliminary injunction was granted, but upon hearing a general demurrer to the bill was sustained and the injunction dissolved. From that judgment the company has appealed and seeks to present the point as fundamental error, no assignment of error having been filed in the court below.

Appellee insists first, that the error is not fundamental, hence nothing is before the court. Second, that the rendition of the judgment in favor of others than W. T. Skeeter alone was a clerical error.

We are satisfied that the error assigned in the brief is fundamental in its nature and can therefore be presented here without the assignment having first been filed in the lower court. (Wilson v. Johnson, 94 Texas, 276; Coburne v. Poe, 40 Texas, 415; Hall v. Johnson, 40 S. W. Rep., 46.) Appellee does not question the right of appellant to the writ restraining the enforcement of the judgment as it stands if that judgment is void.

Though there is excellent authority to the contrary the rule is well established that if the judgment record shows that the judgment was rendered without pleadings to support it, the judgment is a nullity. (Gille v. Emmons, 62 Am. St. Rep., 609; Reynolds v. Stockton, 140 U. S., 254; 1 Black on Judgments, sec. 184; Falls v. Wright, 29 Am. St. Rep., 74 and note. To this broad rule there are doubtless exceptions, but the case before us is not one of them.) For even a stronger

reason that judgment is a nullity which was rendered against a defendant in favor of a person who has never sued and whose suit therefore the defendant has had no chance to answer or defend. (Dunlap et al. v. Southerlin, 63 Texas, 38.) Such a judgment, in the very nature of things, would bind neither the party in whose favor it was rendered, but who had not sued, nor the defendant who had not been sued.

For the purposes of the demurrer the allegations are taken as true, and we can not inquire into the defenses suggested by appellee. The judgment upon its face awards to W. T. and F. F. Skeeter, composing the firm of Skeeter Bros., the sum of $15. Should we undertake to eliminate the parties to the judgment who were not parties to the suit and thus leave the judgment in force as to the real plaintiff we have no means of determining the sum which the court actually awarded to him, nor indeed could he have recovered anything individually if, as the court adjudged, the property belonged to a firm.

The judgment must be reversed and the cause remanded and it is so ordered.

### ON REHEARING.

In deference to the earnestness of counsel for appellees in pressing their motion for rehearing we add the following to what was said in the main opinion.

Counsel contend that we misapprehended the meaning of the opinion in Dunlap v. Southerlin, 63 Texas, 38, and that the principle there laid down was that the pleadings might be looked to in determining in whose favor a judgment had in fact been rendered. They quote from the opinion the following: "Every judgment when ambiguous as to the party or parties in favor of or against whom it is rendered must be read in the light of the entire record which in the sense here used embraces the pleadings."

It can not in our opinion be successfully questioned that in the case cited the principle was recognized that a judgment without pleadings to support it was void, and especially that a judgment was a nullity if rendered in favor of a party who had not sued. The quotation above was in justification of the holding that as the judgment in question was in favor of the "plaintiff" the pleadings might be looked to in identification of the real plaintiff as against another erroneously named in the caption of the judgment. The quotation has no application to the present case because the judgment here in question is absolutely free from ambiguity. So clear, indeed, in its terms that appellees are seeking to enforce it by execution conforming to its terms and in favor of both plaintiffs named therein, and this though appellees here insist that the name of F. F. Skeeter was inserted therein through clerical error. They are pressing an execution in favor of two joint plaintiffs though they concede in the brief that judgment was in fact rendered in favor of only one and that the other never sued. It seems to us the bare statement furnishes its own answer.

With the method by which the appellant may establish its allegations on the trial we have nothing to do on this appeal as the cause is here on the error of the court in sustaining a general demurrer.

In view of what may follow in this litigation as foreshadowed by appel-

lees' counsel in their brief, we suggest that they have quoted a statute in their argument which furnishes a simple remedy for their difficulty, viz., article 1357, Revised Statutes. "When in the record of any judgment or decree of any court there shall be any mistake, miscalculation or misrecitals of any sum or sums of money, or of any name or names, and there shall be among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended it shall be the duty of the court in which judgment or decree shall be rendered and the judge thereof in vacation on application of either party to amend said decree thereby according to the truth. . . ." Counsel seems to contend that this course should have been pursued by appellant, but it occurs to us that if a plaintiff by inadvertence takes a void judgment the party cast could scarcely be expected to go to, cost and trouble to correct it for him.

Counsel further argues that the judgment if a nullity can not be corrected. If a justice of the peace should in a suit for $50 inadvertently enter a judgment for $500 it would clearly be a nullity on its face because beyond the jurisdiction of the court, and if an execution were issued thereon it would unhesitatingly be enjoined, yet the plaintiff under the statute quoted could certainly have it corrected. We have not the time to follow counsel further in his discussion of the subject of void and voidable judgments.

We are of opinion the motion should be overruled and it has been so ordered.

*Reversed and remanded.*

Application for writ of error dismissed.