### LIPSITZ et al. v. FIRST NAT. BANK OF GORDON et al. (No. 202.)*

(Court of Civil Appeals of Texas. Eastland. Oct. 22, 1926. Rehearing Denied Nov. 19, 1926.)

**1. Judgment ⟺243—Judgment for or against one not party in suit is void as to him.**

Judgment in favor of or against one not party to suit is void as to him.

**2. Judgment ⟺691—Beneficiary, when represented in suit by authorized trustee, held bound by judgment.**

Where trustee is authorized to represent another and, with his knowledge and consent, prosecutes or defends suit for his benefit, beneficiary will be concluded by judgment.

**3. Judgment ⟺691—Trustee representing beneficiary in suit held presumed to have authority, and he will be concluded.**

Where beneficiary is represented in suit and judgment rendered for or against him, it will be presumed that trustee had authority to represent him, and he will be concluded.

**4. Husband and wife ⟺274(4)—Trustee for creditors, under conveyance by community survivor, held authorized to bind cestuis que trustent in debtor's children's suit to defeat trust.**

Trustee for creditors held authorized to bind all cestuis que trustent in suit by debtor's children to defeat trust on ground that father, as community survivor, had transferred community property, and cestuis were bound by decree therein.

**5. Judgment ⟺704—Judgment held not conclusive as to codefendants' rights toward each other, not in issue.**

Judgment as to several defendants is not conclusive as to their rights toward each other, unless they contest an issue with each other on pleadings between themselves.

**6. Husband and wife ⟺273(4)—Community creditors may sue to recover from cobeneficiaries amount recovered from debtor's heirs, who failed to redeem property recovered from trustee for creditors charged with community debts.**

Creditors of community may, after debtor's children have recovered from trustee for creditors' half of property transferred to him, bring suit to cancel deed of trust and recover from cobeneficiaries amount recovered from children, who failed to redeem property, and whose recovery was charged with debts of community creditors.

**7. Husband and wife ⟺273(4)—Cancellation of trust deed as to half of property in debtor's children's suit held not to cancel it as between remaining parties.**

Cancellation of community survivor's trust deed for creditors as to half of property, in suit by his children, held not to cancel it as between remaining parties thereto.

**8. Husband and wife ⟺273(4)—Community creditors may have half of claims paid from wife's half of community recovered from trustee by debtor's children.**

Creditors of community held entitled, to exclusion of husband's creditors, to have half their claims paid from wife's half of community estate, which had been recovered from trustee for creditors by debtor's children.

**9. Husband and wife ⟺273(4)—Community creditors may rescind agreement with other creditors as to payment by trustee, where trust was destroyed as to half of property.**

Creditors of community held entitled to rescission of agreement with creditors of husband relative to payment by trustee for creditors, where trust was destroyed as to half of property, in suit by debtor's children.

**10. Husband and wife ⟺273(4)—Interest runs from date of judgment for community creditors against wife's half of community, recovered from trustee for creditors but not redeemed by debtor's children.**

Interest held to begin at date of judgment on recovery of creditors of community against wife's half of community in hands of trustee for creditors, after debtor's children had recovered judgment therefor but had failed to redeem it, since first judgment did not affect trustee's agreement to prorate among all creditors.

**11. Husband and wife ⟺274(4)—Trustee for creditors, in debtor's children's suit to recover mother's half of trust property, must recover amount due community creditors from wife's estate.**

Trustee for creditors, in suit by debtor's children to recover mother's half of community property which constituted trust property, must, if possible, obtain, recovery for full amount due from estate of debtor's wife to cestuis who were creditors of community.

**12. Trusts ⟺179—Trustee held liable for every violation of duty.**

Equity holds trustee liable for every violation of duty, even though it arises through oversight or forgetfulness.

**13. Assignments for benefit of creditors ⟺295(7½)—Evidence held to show negligence of trustee for creditors in not protecting community creditors' claims in debtor's children's suit for mother's half of trust property.**

Evidence held to sustain finding that trustee for creditors was negligent, in suit by debtor's children to recover mother's half of community property which constituted trust property, in not recovering half of claims of creditors of community from amount due mother's estate.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted January 26, 1927.

**14. Trusts ⊕⫞179—Trustee causing beneficiary to lose cause of action by negligent conduct of litigation is liable for damages beneficiary might reasonably have recovered therein.**

Trustee entrusted with conduct of litigation, who, by negligence, causes beneficiary to lose cause of action, is liable for damages which such beneficiary might reasonably have recovered in an action therefor.

**15. Assignments for benefit of creditors ⊕⫞ 295(8)—Community creditors' recovery from trustee for negligence in defending debtor's children's suit should not exceed their pro rata of amount realized from sale in proportion to their part of community debts.**

Recovery of creditors of community, cestuis que trustent in trust for creditors, from trustee, who negligently failed to recover half their claims when debtor's children recovered mother's half of community property constituting trust property, should not exceed their pro rata of amount realized from sale of property in proportion to their part of community debts, where it was not alleged that land brought less than value when sold, or that trustee was negligent with respect to sale.

On Motion for Rehearing.

**16. Limitation of actions ⊕⫞106—Limitation will not run against action for trustee's negligence in litigation till after decision on appeal.**

Limitation will not run against creditors' action against trustee for creditors for his negligence in conducting suit against him by debtor's children till after decision on appeal, when judgment had become final.

**17. Limitation of actions ⊕⫞195(3)—One pleading limitation must show facts making plea available.**

Burden is on one pleading limitation to show facts which make his plea available.

**18. Limitation of actions ⊕⫞49(1)—Cause of action against trustee for creditors, to recover amount realized in sale, cannot accrue till after such sale.**

Creditors' cause of action against trustee for creditors, to recover amount realized in sale of certain land, cannot accrue till after such sale.

**19. Evidence ⊕⫞461(1)—Judge's intention and understanding, in rendering judgment, cannot be shown by parol.**

Intention and understanding of trial judge, in rendering judgment, cannot be shown by parol testimony.

**20. Assignments for benefit of creditors ⊕⫞ 295(7½)—Testimony of trial judge as to failure of trustee for creditors to attempt to recover community creditors' claims, in debtor's children's suit against him, held admissible to show negligence.**

Testimony of trial judge that neither trustee for creditors nor his attorney made any contention, in suit by debtor's children to recover mother's half of community property constituting trust property, for judgment against plaintiffs for full amount chargeable against their interest in favor of cestuis, who

were community creditors, *held* admissible on question of trustee's negligence in conducting suit.

**21. Appeal and error ⊕⫞719(9)—Error in failing to deduct part of certain payments made by trustee for creditors from community creditors' recovery against debtor's children's property in hands of trustee cannot be considered on appeal, unless assigned.**

Error in failing to deduct part of amount paid by trustee for creditors to discharge lien against debtor's wife's half of community property, constituting trust property which children later recovered, from recovery of cestui, who was community creditor, against children's share in hands of trustee when children failed to redeem, cannot be considered on appeal unless assigned, since it is not fundamental error.

**22. Judgment ⊕⫞253(1)—Party cannot recover more than alleged.**

In no case can party recover more than amount alleged in pleadings.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by the First National Bank of Gordon and others against Louis Lipsitz and others. Judgment for plaintiffs, and defendants appeal. Reformed and affirmed.

Spence-Smithdeal, Shook & Spence, of Dallas, for appellants.

Ritchie & Ranspot, of Mineral Wells, and John H. Eaton, of Gordon, for appellees.

PANNILL, C. J. This litigation grows out of the judgment rendered in the case of the Rice Heirs v. Louis Lipsitz et al., reported in (Tex. Civ. App.) 211 S. W. 293, and (Tex. Civ. App.) 233 S. W. 594. In addition to the statements made in the reports cited, it is necessary to show that the deed of trust, canceled in the judgment referred to, directed the trustee Lipsitz to divide the proceeds of the property conveyed to him ratably among all of the creditors of J. R. Rice. Appellees and Mrs. Anderson were the only creditors of the community estate of J. R. Rice and his deceased wife, Lois E. Rice, mother of the Rice heirs above referred to. All of Rice's creditors, including appellees, joined in a confirmation of the trust deed and agreed therein that all the creditors should share pro rata thereunder. The other beneficiaries under the trust deed were individual creditors of J. R. Rice and became such after the death of Mrs. Lois E. Rice. The judgment affirmed in 233 S. W. 594, in addition to canceling the trust deed, awarded to the Rice heirs a recovery of one-half of the lands attempted to be conveyed to the trustee and charged said property with the debts of appellees, First National Bank of Gordon, in the sum of $704.90, and James Cox, in the sum of $291.50, also, in favor of Mrs. Anderson for $29.15, the amounts named being 53 per cent. of one-half

---

of the community indebtedness of J. R. Rice and Lois E. Rice, with interest from April 5, 1915.

A lien was established on the property for said sums. The Rice heirs having failed to redeem the property, order of sale issued, the property was sold to the highest and best bidder, and the net sum of $1,832.90 was realized by the trustee. This suit was then brought by the appellees named to recover from the trustee the amount provided for in the judgment, and, in addition thereto, to recover the remaining 47 per cent. of one-half of their claims, based on allegations of fraud and negligence on the part of the trustee in permitting such claims to be reduced by said per cent. after the deed of trust containing such reduction had been canceled, and to cancel the trust deed as to appellees for want and failure of consideration.

The petition fully presented the grounds relied on for recovery, except there was no charge that the land, when sold, brought less than its value, and no complaint that the trustee was in any manner guilty of negligence in respect to the sale. All persons interested in the subject-matter were made parties, except the Rice heirs.

On a trial before the court without the aid of a jury, judgment was in appellees' favor for the sums charged as a lien against the Rice heirs in the former suit, as stated above. The judgment recited that the sums awarded on that account were the several sums realized on the community claims of the plaintiffs, by the sheriff of Palo Pinto county, from the sale of the property of Lee Rice et al., and by the sheriff paid to the said defendant Louis Lipsitz. In a separate paragraph, a further recovery was awarded the appellees First National Bank and James Cox of $930.30 and $384.80, respectively, it being recited in the judgment that said sums were awarded as being the additional sums due on one-half of the community claims, which the court finds the defendant Louis Lipsitz should and could have recovered out of the property awarded the Lois E. Rice heirs.

The separate paragraphs of the judgment above referred to are assailed by separate assignments, and the complaints against the separate recoveries will be considered in their order.

[1] Appellants assert error on the recovery awarded appellees in the first paragraph of the judgment on the ground that appellees were not parties to the suit of the Rice heirs, and are in no manner bound thereby, and therefore cannot assert any supposed right based thereon. If this contention is correct, the judgment would be without support and the case should be reversed, as it seems to be well settled that a judgment in favor of or against one not a party thereto is void, and no right in such a decree can be asserted by one not a party thereto. Dunlap v. Southerlin, 63 Tex. 38; Patton v. Collier, 90 Tex. 115, 37 S. W. 413; Railway v. Skeeter Brothers, 44 Tex. Civ. App. 105, 98 S. W. 1064; Moore v. Perry (Tex. Civ. App.) 56 S. W. 120. But these are cases in which the doctrine of virtual representation was not applicable, as was the case of McDonald v. Ayres. (Tex. Com. App.) 242 S. W. 192, relied on by appellants.

[2-4] There is another well-established rule in respect to the conclusiveness of judgments, to the effect that, where one person is authorized to represent another and with his knowledge and consent prosecutes or defends a suit for the benefit of such person, the beneficiary will be concluded thereby. Smith's Adm'rs v. De la Garza, 15 Tex. 150, 65 Am. Dec. 147; Jackson v. West, 22 Tex. Civ. App. 483, 54 S. W. 297. This rule applies with peculiar force to cestuis que trustent, when represented by the trustee, in suits in hostility to the trust. Freeman on Judgments (5th Ed.) p. 1076. Where such beneficiaries are so represented in a suit and judgment rendered for or against them, it will be presumed that the trustee had authority to represent them, and such beneficiaries will be concluded. Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122; Ash v. Akin, 2 Tex. Civ. App. 83, 21 S. W. 618. The petition of appellees, taken as a whole, should be construed as not denying the trustees authority to represent them, as the petition abounds with statements recognizing the binding effect of the judgment, in so far as the Rice heirs are concerned. There are some general statements as to want of authority on the part of the trustee, but these relate to the matter of reducing the amount charged against the Rice heirs by 47 per cent. The record as made supports the conclusion that appellant Lipsitz had authority to bind all the beneficiaries, and that they are bound by the decree as between them and the heirs of Lois E. Rice.

[5, 6] The judgment in the first suit, while binding as between the Rice heirs and their adversaries, does not bind appellants and appellees in this controversy. A judgment as to several defendants is not conclusive as between themselves, in respect to their rights and liabilities toward each other, unless the defendants contest an issue with each other upon pleadings between themselves. R. C. L. p. 1013; Sandoval v. Rosser (Tex. Civ. App.) 26 S. W. 930; Hoxie v. F. & M. Bank, 20 Tex. Civ. App. 462, 49 S. W. 637; James v. James (Tex. Civ. App.) 164 S. W. 47. No such issues between the defendants in the first suit were therein tendered by pleadings between themselves. So that appellees had the right, after the judgment was rendered, to bring this suit to cancel the deed of trust and to recover from their cobeneficiaries the amount recovered from the Rice Heirs.

[7-9] It is true that the judgment in favor of the heirs of Lois E. Rice, canceling the trust deed as to one-half of the land conveyed thereby, did not cancel said instrument as between the remaining parties thereto, but, when it was canceled as to one-half the lands, this would give rise to the cause of action asserted by appellees of failure and want of consideration. If there was any consideration for the agreement by appellees to prorate with the individual creditors of Rice, it was the agreement by such individual creditors to prorate with appellees and to have the services of Lipsitz in disposing of the property. These mutual agreements were destroyed by decree in the first suit. Appellees and Mrs. Anderson had the right to have at least half of their claims paid out of the Lois E. Rice share of the community estate, to the exclusion of the remaining creditors. When the advantages they contracted to receive from appellants were destroyed by the suit of the Rice heirs, appellees were entitled to have their agreement rescinded.

[10] That part of the judgment awarding to appellees the amounts recovered from the Rice heirs on account of their claims is correct, except as to the interest allowed from June 5, 1923. As stated, when the judgment in the first suit was entered, Lipsitz was acting under an agreement requiring him to prorate among all creditors. This agreement was not attacked nor affected by the first judgment and continued in force until the decree in the present suit. Until that judgment was entered, Lipsitz was bound by the trust agreement and confirmation thereof under which he was acting, and they could not be repudiated by him. If he had done so, he would have been liable to the other creditors. So interest on the sums awarded to appellees should begin at the date of the instant judgment.

[11] The remaining question relates to that part of the present judgment awarding appellees the remaining 47 per cent. of one-half of their claims, on account of the negligence of the trustee in not recovering said 47 per cent. against the Rice heirs and in permitting the community indebtedness owing by the estate of Lois E. Rice to be reduced by said per cent. It is true that Lipsitz was under no duty to obtain such recovery for appellees individually, but, as heretofore stated, he was at said times acting for all the creditors. He was a trustee under an express trust and undertook to represent the beneficiaries in the litigation, and it was his duty to insist upon and obtain, if he could, a recovery for the full amount due by the estate of Lois E. Rice.

[12] Equity holds a trustee liable for every violation of a duty laid upon him, though such violation arises through oversight or forgetfulness. Pomeroy's Equity Jurisprudence (4th Ed.) § 1079.

[13, 14] This record shows that in the first suit the jury determined the claims of appellees in the amounts of $2,660 and $1,100, respectively, and that they were community debts of J. R. and Lois E. Rice. In the decree the deed of trust was canceled at the instance of the Rice heirs, and they could not therefore rely on it to reduce the amounts for which they were liable. The present suit was tried before the same judge who tried the first case, and his testimony shows that the matter of the amount to be charged against the Rice heirs was not presented to him, nor was any contention as to such amount presented, but that the judgment was drawn by counsel and submitted to and approved by him without any indication that it was not correct under the special verdict in the former suit; while Lipsitz appealed from the judgment, the report of the case does not indicate that this question was presented to the appellate court. The pleading in the first suit authorized a judgment to be entered for a less sum than that actually owing by the Rice heirs. The finding in the instant judgment that the trustee should and could have recovered the additional 47 per cent. is a sufficient showing that, if the matter had been presented to the trial judge, he would have allowed as a charge against the property of the Rice heirs at least one-half of the community debts of J. R. Rice and their deceased mother. These matters are deemed to be sufficient to sustain the judgment as to the negligence of the trustee. One intrusted with the conduct of litigation, who, by negligence, causes a beneficiary to lose a cause of action, is liable for the damages such beneficiary might reasonably have recovered in an action therefor. Patterson v. Frazer (Tex. Civ. App.) 79 S. W. 1077.

[15] The obligation thus laid on a trustee is, perhaps, a harsh one. This court acquits Mr. Lipsitz of any imputation of fraud in this connection. We realize it is much easier to look backwards, than forwards, in a lawsuit, and in such a proceeding it is easier to discover mistakes than to avoid them, but we cannot say that the trial court was not warranted in finding, as he did; that the failure to recover the full one-half of the community claims constituted negligence on the part of the trustee. However, sanction cannot be given to the amount awarded for the omission under discussion. As stated, there was no pleading that the land brought less than its value or that the trustee was negligent in respect to the sale, therefore the recovery by appellees should not exceed their pro rata of the amount realized from the sale, in the proportion that their part of the community debts bears to the amount realized from the sale of the property. If the land brought its value, and there is no complaint that it did not, then a recovery for more than its value would not have benefited appellees.

Appellees are not entitled to the proportion represented by the claim of Mrs. Anderson.

The conclusion is that of the net amount realized appellee bank is entitled to 266/387, appellee Cox, 110/387, and Mrs. Anderson, 11/387.

The judgment of the trial court is therefore reformed so as to allow appellee bank a recovery of $1,259.76, and appellee Cox, $520.-96, with 6 per cent. .interest from November 12, 1925.

As so reformed, the judgment will be affirmed, with costs of the appeal taxed against appellee.

Reformed and affirmed.

### On Motion for Rehearing.

The original opinion is, perhaps, subject to the criticism that it did not, in express terms, state this court's conclusion as to the question of limitation. The judgment on the second trial of the suit of Lee Rice et al. v. Louis Lipsitz was entered September 24, 1919, and an appeal was prosecuted from this judgment and the same was affirmed by the Court of Civil Appeals on April 16, 1921. 233 S. W. 594. In the original judgment, commissioners of partition were appointed but their report was not entered until May 3, 1922; the sale of the interest of the Rice heirs, under the judgment in the suit above mentioned, was not had until some time in 1923, and the proceeds of said sale did not come into the hands of the trustee until about June 5, 1923. No authority was cited by appellants holding that under such circumstances the suit was barred, nor do we think limitation available to appellants under the general rules applicable to that subject.

[16, 17] If the judgment in favor of Lee Rice et al. was superseded by Lipsitz' appeal, we do not think the bar of limitation would begin to operate until that judgment became final. There is nothing in the record to indicate that Lipsitz did not file a supersedeas bond. The burden is upon him who pleads limitation to show the facts which would make his plea available to him, and until that judgment became final it would appear that any suit brought by appellees, based on negligence in the conduct thereof, would be premature. There is nothing in the record to indicate the time when the terms of said judgment were made known to appellees. The record, as presented, does not indicate their presence at the trial of the suit of Lee Rice et al. v. Louis Lipsitz et al., nor their participation therein. This much is said as to that part of appellee's suit alleging negligence on the part of the trustee.

[18] It is clear that the question of limitation was not present in regard to the appellee's claim to recover the amount realized by the trustee from the sale of the lands, as no cause of action could accrue to appellee until after the sale. We do not believe either the two or four years' statute of limitation can be applied, under the evidence.

[19, 20] In order that there may be no misunderstanding as to the effect of the testimony of the trial judge, the statement is here made that this court did not consider his testimony as to his understanding and intention, in rendering the judgment that he did in the case above referred to. The intention and understanding of the trial judge in rendering a judgment cannot be shown by parol testimony, as this court has heretofore plainly held in the case of Austin v. Conaway (Tex. Civ. App.) 283 S. W. 189, but we think the testimony that neither the trustee nor his attorney made any contention for the rendition of a judgment against the Rice heirs for the full amount chargeable against their interest was admissible on the question of negligence. Any one else present at the trial could have given the same testimony. There was no objection to the calling of trial judge as a witness on the ground that the same proof could have been made by other parties, but the objection was that such testimony was not admissible at all.

[21] Appellants urge, quite plausibly, that a further deduction from the amount of the judgment should be made of, at least, one-half the sum which was paid by appellant Lipsitz to discharge a prior lien against the interest of the Rice heirs in the lands awarded to them in the first suit. The question was not discussed in the original opinion because not presented by any of the assignments of error or propositions thereunder, but the matter is now urged as fundamental.

[22] It is true that we did, in the original opinion, inquire extensively into the amount the appellees were entitled to recover under their pleadings, as this presents a question of fundamental error, for in no case can a party recover more than the amount alleged. But as to whether there should be deducted from the amount of appellees' recovery an amount paid out by appellant presents a different question. The matter was not pleaded by either of the parties. It appeared in the judgment in Lee Rice et al. v. Louis Lipsitz et al., as one of the court's findings of fact in that case, to the effect that the appellant Lipsitz, trustee, had paid the sum of $448.10 in satisfaction of the indebtedness secured by a prior lien upon one of the tracts of land recovered by the Rice heirs. We have concluded that the failure to deduct one-half of this amount from the amount awarded to appellees does not present a question of fundamental error, but only presents a question of the court having rendered judgment for a greater amount than that justified by the evidence and therefore cannot be considered by this court, unless assigned.

Therefore the motion for rehearing is overruled.