### No. 8576.

### EDWARD F. STOCKMEYER VS. HENRY OERTLING.

Solidarity of obligation is not a prerequisite to the possession or exercise of the right of a surety to enforce contribution. The necessary conditions are that the persons must have been sureties for the same debtor, and for the same debt, and the surety who is demanding contribution must have paid in consequence of a lawsuit.

The terms of the Code do not presuppose a joint liability to a common obligee which has been discharged by one of the joint obligors, but the presupposed liability may be several as well as joint.

The party from whom contribution is demanded must have been under a legal obligation to pay at the time payment was made by him who demands the contribution.

APPEAL from the Civil District Court for the Parish of Orleans. *Righter*, J.

*E. W. Huntington* and *H. L. Dufour* for Plaintiff and Appellant.

*Braughn, Buck & Dinkelspiel* for Defendant and Appellee:

1. A decision of this Court, settling the nature and extent of liability of persons as sureties on a bond sued on, is conclusive as between the parties to the suit. Ledoux vs Durrive, 10 An. p. 7.

2. In a subsequent suit between alleged co-sureties for "contribution," such decision, though not technically having the force of *res judicata*, determines the rights of the parties and is conclusive as to all matters decided therein.

3. On an exception of no cause of action, all documents annexed to the petition form part of it.

4. A bond which, as between the sureties, expresses no joint or solidary obligations as among themselves is a several obligation, with no greater force than if each undertaking were evidenced by a separate and distinct writing. The obligation to "contribute," as between the different persons or sureties, does not therefore exist, and the exception of no cause of action disclosed should be sustained in a suit by one of them against another. Teutonia Bank vs. Wagner et al., 33 An. 732.

The opinion of the Court was delivered by

MANNING, J. This suit is a pendant to Teutonia Bank vs. Wagner, 33 Ann. 732, where it was held that the sureties of Wagner, though bound solidarily with him, were several obligors *inter sese*, because solidarity between them was not expressed.

The plaintiff was one of those sureties, Bogel was another. These two paid the judgment against themselves as sureties upon that bond. The plaintiff then acquired Bogel's rights against others and brought this suit against Oertling, another surety, to recover of him his proportionate share, (one-third thereof) of the sum paid in extinguishment of the judgment.

The defendant excepted that the petition disclosed no cause of action, which was maintained and the suit dismissed.

The obligations of the sureties to that bond have been judicially declared to be several, as much so as if each had separately bound himself by an independent contract.

The textual provision of our Code is that when several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt has his remedy against the other sureties in proportion to the share of each. Rev. Civ. Code, Art. 3058, (3027.)

Solidarity of obligation is not a prerequisite to the possession or exercise of the right to enforce contribution. The three necessary conditions are that the surety who is demanding contribution, and the surety from whom it is demanded, must each have been surety for the same debtor, and for the same debt, and satisfaction of the debt must have been enforced against the surety demanding contribution by a lawsuit.

These requisites unite, and are disclosed in the petition of the plaintiff.

The cause and source of the error of the defendant is an incorrect dictum in Ledoux vs. Durrive, 10 Ann. 8, where the Court say, the, terms of this Article of the Code presuppose a joint liability to a common obligee which has been discharged by one of the joint obligors. It is manifest that the liability presupposed is not necessarily joint, but may be joint or several, and the expression is not only incorrect but was unnecessary, the Court in that case immediately proceeding to a concise statement of the two opinions which divided the French legists as to the foundation of the recourse which the paying surety has, and summing up with the conclusion that according to either view, the party from whom contribution is demanded must have been himself under a legal obligation to pay at the time payment was made by him who demands the contribution.

The judgment of the lower court is therefore reversed, and the cause is remanded to be proceeded with in due course, the defendant paying costs of appeal.