## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### TURNER'S ADM'R v. THOM, TRUSTEE.

#### March 16th, 1893.

JOINT OBLIGORS—*Contribution*—*Debts barred.*—To entitle one joint obligor to recover from his co-obligor money paid by him in excess of his proportion, the payment must have been made upon a debt for which the latter was legally liable at time of the payment, and which the obligor paying was compellable to pay, and not upon a debt that was barred as to the obligor sought to be charged, and who may be, as in the case here, a personal representative, forbidden to pay, under Code, § 2676, without making himself personally liable to extent of such payment.

Error to judgment of corporation court of city of Norfolk, rendered in an action of *assumpsit* wherein Alfred P. Thom, trustee under the assignment, dated April 9th, 1885, of John B. Whitehead and wife, was plaintiff, and Richard H. Baker, administrator *de bonis non* of Wm. H. Turner, deceased, was defendant. Judgment being for plaintiff, defendant brought the case here on writ of error. Opinion states the case.

*Walke & Old* and *Harmanson & Heath*, for plaintiff in error.

*Tunstall & Thom*, for defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of *assumpsit* brought in the corporation court of the city of Norfolk against Richard H. Baker, administrator *d. b. n.*, &c., of William H. Turner, deceased, by

Alfred P. Thom, as trustee under a deed of assignment from John B. Whitehead and wife, dated April 9th, 1885.

There was a judgment in favor of the plaintiff for the sum of $5,951.45, with interest on $5,000, part thereof, from November 3d, 1886, and on $951.45 from February 7th, 1887; and the case is now before us on exceptions to this judgment and to certain rulings of the court below during the progress of the trial. As, however, the case must, in the opinion of the court, turn entirely upon a question of law, it will not be necessary to advert to many of these exceptions.

The object of the suit was to recover in damages of Turner's estate the excess over and above Whitehead's share which has been paid by Whitehead's trustee on the joint indebtedness of Whitehead and Turner to the Franklin Savings Bank.

The real inquiry is, therefore, whether the doctrine of contribution applies to the present case.

It appears by the record that on the 30th day of June, 1878, John B. Whitehead and William H. Turner were jointly indebted unto the Franklin Savings Bank, of the city of Norfolk, for money lent, (presumably, in the main, for the use of said Whitehead,) in the sum of $7,993.99, which indebtedness was evidenced by two due-bills and certain ninety-day notes of said Whitehead and Turner, some of which were signed in the name of Herman & Co., the name of an old firm composed of said Whitehead and Turner, and some signed by John B. Whitehead and W. H. Turner in their individual names. Until the assignment of the bank to R. B. Tunstall, trustee, in April, 1885, this indebtedness was never disclosed to the directors of said bank by John B. Whitehead, who was the president of said bank, "had entire control and management of the loans, discounts, and assets of said bank, and determined what claims should be put in suit."

At the date of Whitehead's assignment—indeed, at the

time of Turner's death, which occurred in February, 1885—all of these debts were barred by the statute of limitations.

On the 25th of August, 1885, Whitehead's trustee, Mr. Thom, paid one half of this indebtedness to the trustee of the Franklin Savings Bank, and subsequently—to-wit, on the 7th November, 1887—paid the other moiety or half, for which he now seeks to hold the estate of Wm. H. Turner liable. This, however, we are all clear, cannot be done. For, whether the doctrine of contribution " is the result of a general equity which equalizes burdens and benefits," or originates in a contract which the law implies, that the joint promisors, at the time of the giving of the joint obligation, mutually promise each other that if one is *compelled* to pay more than his proportion of the joint debt, the other will indemnify the one so paying to the extent of the excess over his just proportion, it is equally clear that the payment must have been made upon a debt for which the defendant was legally liable at the time of the payment, and which the obligor who pays was compellable to pay, and not upon a debt which was barred as to the obligor sought to be charged, and who may be, as in this case, a personal representative, who cannot pay, under section 2676 of the Code, without making himself personally liable to the extent of such payment. Wood on Limitations, pp. 321–'2 ; *Bell* v. *Morrison*, 1 Peters R. 351 ; 1 Story's Eq. Jur., sec. 325, note ; *Fordham* v. *Wallis*, 10 Hare 228, *et seq.* ; Collyer on Part. (5th Am. ed.), pp. 418–'19. And this liability on the part of obligor who pays such excess above his proportion must have grown out of the original contract of the parties, or, at least, must not have arisen out of some unauthorized act of his; for, assuming, for the sake of the argument, that the doctrine of contribution rests upon the idea of an implied promise between the obligors to repay each other any excess which either may be required to pay, still it would be going too far to hold that this promise extends to any new liability

incurred by the unauthorized act of the obligor so paying, of which the other obligor had no knowledge, and from liability for which he is expressly relieved by the very words of the statute. See sec. 2676, Code 1887.

In this case there is no pretense that Turner had any hand in obstructing the collection of these claims, and he is therefore within the express saving of the statute. See Code, sec. 2933.

For these reasons the judgment must be reversed, the verdict set aside, and the case remanded, with directions to lower court to receive the pleas of the statute of limitations, and for a new trial to be had therein.

JUDGMENT REVERSED.