[No. 10702.    Department One.    October 24, 1912.]

NATIONAL BANK OF COMMERCE, *Appellant*, v. H. O. DREWRY *et al., Respondents*.[1]

BILLS AND NOTES—HOLDER IN DUE COURSE—EVIDENCE—QUESTION FOR JURY. Upon an issue as to whether a bank was the holder in due course of a note procured by fraud, the jury is not obliged to accept as conclusive the uncontradicted evidence of an officer of the bank that they took the note without notice of any defect or dishonor; the credibility of the witness being for the jury.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered November 8, 1911, upon the verdict of a jury rendered in favor of the defendants, in an action upon a promissory note. Affirmed.

[1]Reported in 127 Pac. 102.

*Geo. H. Funk*, for appellant.

*Thomas M. Vance* and *Harry L. Parr*, for respondents.

PER CURIAM.—This action was brought by plaintiff to recover upon a promissory note, given by the defendants to McLaughlin Brothers and negotiated by them. The defense is, fraud in the procurement of the note, a failure of consideration, and that plaintiff is not a holder in good faith. From a verdict and judgment in favor of defendants, plaintiff has appealed.

We have read the evidence with some care, and although the testimony of one of the vice presidents of the plaintiff bank, who was also vice president of the Union National Bank of Kansas City, to which the note was originally sold (the Union National Bank being afterwards absorbed by plaintiff), shows that the two banks took the note without notice of any defect or dishonor, we are unable to distinguish this case from the case of *Ireland v. Scharpenberg*, 54 Wash. 558, 103 Pac. 801, and *Citizens Sav. Bank v. Houtchens*, 64 Wash. 275, 116 Pac. 866. In the *Scharpenberg* case, a like showing was made by the holder of the note. Although this court found that the testimony of the holder was not contradicted by any direct evidence, it was there said that "the jury would not have been required to take the testimony" of the holder "as conclusive proof." In that case apt authority was cited to sustain the judgment of the court, and upon that authority the court held, without qualification, that the question of good faith could not be determined as a matter of law. In the *Houtchens* case, the court said: "The evidence of this cashier, although undisputed by oral testimony of any other witness, is that of an interested witness." And further: "If the jury in weighing the evidence discredited Shinn, an interested witness, which they were entitled to do, and doubtless did, appellant failed in its proof."

Upon the authority of these cases, the judgment of the lower court is affirmed.