[No. 10602.    Department One.    January 24, 1913.]

## P. Peterson et al., Respondents, v. J. J. Nichols, Appellant.[1]

Contribution—Actions—Evidence—Admissibility. Upon a defense of breach of warranty and failure of consideration for a note, in an action for contribution by part of the makers who had paid the note to a bank as a holder in due course, it is error to exclude evidence that the bank had acted only as a collecting agent in prosecuting the suit on the note, as it tended to show that it was not a holder in due course, and that the defense of breach of warranty was available.

Same—Evidence—Admissibility—Burden of Proof. In such case, the proof of the warranty and breach was admissible in defense, and would cast the burden on plaintiffs to show that the bank had been a holder in due course.

Judgment—Conclusiveness—Persons and Matters Concluded. A judgment against part of the makers of a note, obtained by a bank as transferee, is not conclusive on the other makers that the bank was a holder in due course, in a subsequent action against them for contribution.

Contribution—Liability. Contribution against part of the makers of a note cannot be enforced unless the makers who paid the note were under legal obligation to pay it.

Appeal from a judgment of the superior court for Lincoln county, Baske, J., entered December 9, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for contribution. Reversed.

*Martin & Wilson,* for appellant.

Gose, J.—Suit for contribution. Verdict and judgment for the plaintiffs. The defendant has appealed.

The complaint alleges that, in the month of January, 1907, the respondents, the appellant, and one other person purchased a stallion of one George W. Souers, for which they agreed to pay the sum of $4,000, evidenced by their two joint and several promissory notes in favor of Souers, drawn

[1]Reported in 129 Pac. 373.

for $2,000 each, and due respectively in one and two years; that they agreed to hold the horse in shares, the appellant agreeing to take two shares of the agreed value of $1,000; that they defaulted in the payment of the note last maturing, after the respondents had paid $1,061.35 thereon; that suit was commenced thereon by the Bank of Commerce, a corporation; that a default judgment was entered against the respondents Peterson, Shields, Maurer, and Telford Brothers, for the balance due, with interest, attorney's fees, and costs; that thereafter the respondents paid the judgment in full, and that the appellant paid his part of the first note, amounting to $500, but that he has not paid any part of the last note or of the judgment.

The appellant, for a second affirmative defense, alleged that Souers, the vendor and payee in the notes, in order to induce the makers of the notes to purchase the stallion, warranted that the stallion, with reasonable care, would get in foal sixty per cent of the mares mated with him for a period of two years; that if he did not do so, he would replace the stallion with another of the same breed and price, and that the makers need not pay the note last maturing until they were "satisfied that the stallion . . . was as guaranteed;" that Souers further agreed, as a part of the sale of the stallion, that he would keep him insured for a period of two years from the date of sale, loss, if any, payable to himself; and that, in the event the stallion should die within the two years, he would "replace said stallion with another of the same breed and price;" that they took reasonable care of the horse, and that he did not get more than thirty per cent of the mares in foal that were mated with him; that the stallion died a natural death in the fall of 1908; that Souers was at once notified of his death and requested to replace him conformably to his guaranty, but that he refused so to do.

The appellant testified, that he was the manager of the company that purchased the horse; that the horse was guaranteed, and that he died within the two-year period; and then

offered to prove the terms and breach of the guaranty. Objections were sustained to the offer unless he could prove, (a) that the Bank of Commerce had notice of the infirmity in the note, or (b) that the respondents, at the time they paid the judgment, knew that the consideration for the note had failed. The appellant then offered to read a deposition in evidence, which tended to show that the Bank of Commerce acted only in the capacity of a collecting agent in the prosecution of the suit. An objection that it was irrelevant and immaterial was sustained.

The court erred in not admitting the deposition in evidence. It had a slight tendency to prove that the Bank of Commerce was not a holder of the note in due course. The appellant should have been permitted to offer testimony tending to prove the terms of the guaranty and their breach. The burden would have then devolved upon respondents to prove that the Bank of Commerce was a holder in due course. *National Bank of Commerce v. Drewry,* 70 Wash. 577, 127 Pac. 102; *City Nat. Bank of Lafayette v. Mason,* 58 Wash. 492, 108 Pac. 1071; *Ireland v. Scharpenberg,* 54 Wash. 558, 103 Pac. 801. The bank had no judgment against the appellant. Its judgment against the respondents does not conclude the appellant on the question as to whether the bank was a holder in due course.

"The right to contribution arises from the payment of more than one's share of a common liability, and rests upon an implied promise not declared on or made an issue in the suit of the creditor against the common debtors." *Hoxie v. Farmers' & Mechanics' Nat. Bank,* 20 Tex. Civ. App. 462, 49 S. W. 637.

The party from whom contribution is demanded must have been under a legal obligation to pay at the time the payment was made by those who demand the contribution. *Stockmeyer v. Oertling,* 35 La. Ann. 467; *Andrews v. Murray,* 33 Barb. 354; *Turner's Adm'r v. Thom,* 89 Va. 745, 17 S. E. 323. The pleadings are silent as to how the bank got the note.

We have not been favored with the respondents' view of the case, as they have not filed a brief. We think, however, that the court erred in the matters mentioned.

The judgment is reversed, with directions to grant a new trial.

CROW, C. J., CHADWICK, PARKER, and MOUNT, JJ., concur.