[No. 12957.   Department Two.   March 28, 1916.]

P. PETERSON et al., Respondents, v. J. J. NICHOLS,
Appellant.[1]

JOINT ADVENTURES — MUTUAL RIGHTS — ACTIONS — CONTRIBUTION. Parties engaged in the business of owning and managing a stallion are engaged in a joint adventure and not in a general partnership, the rules of which do not apply; hence an action for contribution lies, although there had been no accounting, where one party has been compelled to pay more than his share of the common liability and the other party was under legal obligation to pay at the time the payment was made.

Appeal from a judgment of the superior court for Lincoln county, McCroskey, J., entered November 8, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for contribution. Affirmed.

H. N. Martin, for appellant.

F. K. P. Baske and Merritt, Lantry & Merritt, for respondents.

HOLCOMB, J.—This case was here on a former appeal and reported in 71 Wash. 656, 129 Pac. 373. A summary of the pleadings is there set forth, the pleadings being in the same state at the last trial as at the first.

In the former decision, it was held that appellant should have been permitted to offer testimony tending to prove the terms of the guaranty and their breach. The burden would then have devolved upon respondents to prove that the Bank of Commerce was a holder in due course. At the last trial of the case, respondents did not rely upon the proposition that the Bank of Commerce, which had obtained a former judgment against respondents, was a holder in due course, and all the evidence of the defendant to sustain his defenses of failure of consideration and breach of guaranty was intro-

[1]Reported in 156 Pac. 406.

duced and heard by the jury. Upon the issues so presented to the jury, they found for the respondents against the appellant. That being the posture of affairs, appellant had his day in court, produced all his testimony, and is bound by the verdict.

It is contended, also, by appellant that the pleadings and evidence show a partnership between respondents and appellant, and that the partnership had never been dissolved nor had there been any accounting of any kind or character between them, and that, therefore, respondents have no right to sue and recover against appellant. The status of the parties was not that of a general partnership. Their status was that of persons engaged in a joint venture. A joint adventure is a commercial or maritime enterprise undertaken by several persons jointly; a limited partnership—not limited in the statutory sense as to the liability of the partners, but as to its scope and duration. Black's Law Dictionary (2d ed.); *Ross v. Willett*, 76 Hun 211, 27 N. Y. Supp. 785. These parties had engaged in the business of owning and managing a stallion, and no other business. There was no partnership existing between them except in the ownership of the horse. The horse was dead long before the suit was instituted, and the business of the joint adventure was ended. The principles applying to the law of general partnership and the authorities cited, therefore, do not apply here. 23 Cyc. 461. As was said in the former decision in this case:

" 'The right to contribution arises from the payment of more than one's share of a common liability, and rests upon an implied promise not declared on or made an issue in the suit of the creditor against the common debtors.' *Hoxie v. Farmers' & Mechanics' Nat. Bank*, 20 Tex. Civ. App. 462, 49 S. W. 637.

"The party from whom contribution is demanded must have been under a legal obligation to pay at the time the payment was made by those who demand the contribution." *Peterson v. Nichols*, 71 Wash. 656, 129 Pac. 373.

These requisites were shown by evidence in behalf of respondents at the trial, and were decided against the contention of appellant.

There is no error.   Judgment affirmed.

MORRIS, C. J., MAIN, and PARKER, JJ., concur.