[No. 19056. Department One. April 21, 1925.]

LOUIS PINELL, *Appellant*, v. D. ROPPO *et al.*, *Respondents.*[1]

CONTRIBUTION (1)—LIABILITY—EVIDENCE—SUFFICIENCY. A party to a contract to purchase stock cannot enforce contribution from his co-parties for payments made by him on the contract upon which there was no legal obligation to pay by reason of fraud therein, of which he was notified by his co-parties before the payments, which were made against their protest.

ESTOPPEL (33)—JUDICIAL PROCEEDINGS—INCONSISTENT CLAIM OR POSITION. There is no estoppel between co-plaintiffs by the signing of a complaint by one of them making an admission against his own interests, as between themselves, where there were no adverse interests between the plaintiffs in the original suit and no one was misled or changed his position.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 24, 1924, upon findings in favor of the defendants, dismissing an action for contribution, tried to the court. Affirmed.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondents.

[1]Reported in 234 Pac. 1035.

ASKREN, J.—This is an action for contribution for loss sustained on a contract to purchase mining stock. It appears from the evidence that plaintiff, Pinell, defendant Roppo, and one E. Sholz, on January 31, 1922, signed a subscription to purchase $6,000 worth of stock of the Sound Oil Company. All of the parties at the time had great visions of money to be made in this venture; Pinell especially being assisted in his belief by the advice of a fortune teller in a nearby city. However, shortly after signing the agreement, Sholz and Roppo became dissatisfied with the deal, and Roppo testified that they came to the conclusion they had been buncoed, and notified Pinell that they would have nothing more to do with the matter and would make no payments. Thereafter Pinell made payments amounting to $690 upon the contract. However, he soon decided he had been defrauded, and in the month of April, 1922, a suit was brought against the Sound Oil Company by Sholz, Roppo and Pinell for the recovery of the $690 paid, the complaint asking for the cancellation of the contract upon the ground that it had been procured by fraud. The complaint was verified by Roppo. A settlement was made of that suit whereby $300 was paid by the Sound Oil Company and the contract cancelled. The attorney in that case was paid $100, leaving a balance of $200 net to the parties, which sum was retained by Pinell and credit given on the $690 he had already paid. Pinell also sued upon a promissory note signed by himself, defendant Roppo and one Burch, in the sum of $100, dated June 7, 1922, which he had paid, including costs and interest amounting to $150. Recovery was sought for one-half of this amount, as well as one-third of the amount lost on the original contract for the sale of stock.

The defendant alleged that the note was signed by him for Pinell as an accommodation maker only; and

as to the loss upon the contract for the sale of stock, the defendant claimed that the payments had been made against his consent and after he had notified the plaintiff not to do so.

After a trial before the court sitting without a jury, the court decided that the note of $100 sued upon had been signed by the defendant as an accommodation maker, and the money obtained thereon was a part of the $690 paid by Pinell to the Sound Oil Company; that all payments had been made by Pinell after he had been notified by Roppo not to do so, and therefore judgment was entered for the defendant, and the plaintiff has appealed.

Appellant assigns three grounds of error: (1) that the judgment is against the weight of the evidence; (2) that he is entitled to contribution; and (3) estoppel.

Counsel agree that this court will not set aside the findings of the trial court unless we can say that the evidence preponderates against such findings. At counsel's suggestion we have carefully read the record, and the only conclusion to be drawn therefrom is that the trial court was amply justified in the findings made.

Appellant's contention with regard to contribution is that, even if the court found that the payments were all made after appellant had been told to refrain from paying anything on this contract on behalf of the respondent, since there was a binding obligation to pay, Roppo could not relieve himself by merely notifying appellant that he would not be bound. His argument is that, after the note was signed, it was a binding obligation until it was set aside through some appropriate action, and the respondent could not divest himself of liability by a mere notice to his co-obligor. In *Peterson v. Nichols,* 71 Wash. 656, 129 Pac. 373, we stated the rule to be:

"The party from whom contribution is demanded must have been under a legal obligation to pay at the time the payment was made by those who demanded contribution."

Applying that rule to the present case, it would appear that, at the time respondent notified appellant not to make any payments, respondent believed he had been defrauded. If it were a fact that he had been defrauded, then he was under no legal obligation to pay. Nor was respondent required to bring an action to set aside the contract in order to protect himself against payments made by his co-obligor. He had a right to wait until sued upon the note before advancing his defense. In some jurisdictions it is held that, before one can recover from his co-obligor, he must show that his payment of the debt was compulsory, and in some states this must be shown to have been paid as a result of a lawsuit. One may not evade his obligation by advancing a spurious reason for his failure to be bound; but the evidence shows that the ground advanced was sufficient, for a few months later Pinell adopted the same view and brought suit upon the ground of fraud.

It is also contended that, since respondent Roppo signed the complaint seeking to have the contract set aside, in which it was alleged that the payments of $690 were made on behalf of all of the defendants, he is estopped now in this proceeding from taking an adverse stand as to Pinell. No estoppel was pleaded, but the court heard evidence upon that question. From the conflicting evidence offered, the court found that Roppo signed the complaint at the suggestion of Pinell's lawyer, and that Roppo did so because he felt it necessary in order to enable Pinell to maintain the suit. The evidence also shows that, when the suit was settled and it was required that Roppo should sign a stipulation, he

hesitated about the matter for several days because he claimed he had nothing to do with the suit, but finally he did sign it.

A number of cases are collected upon the question of estoppel, but we think the cases go no farther than to hold that, where one has taken a certain position in a judicial proceeding, he will not thereafter be permitted to take a different one to the detriment of a party whose interests were adverse to him in the original proceeding and who has been misled or his position changed thereby. Pinell and Roppo were not adverse to each other in the first lawsuit. 21 C. J. 1229. The only effect as between the two is that Roppo's position in the former case may be taken as an admission against him in this, but not as conclusively barring him from litigating in this action the respective rights between himself and Pinell.

Finding no error in the record, the judgment of the trial court is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.