[No. 19061.  Department One.  April 23, 1925.]

MATTIE E. LYDON, *Appellant*, v. EXCHANGE NATIONAL BANK *et al., Respondents.*[1]

TRIAL (61, 63)—PROVINCE OF COURT AND JURY—JUDGMENT NON OBSTANTE.  A motion for judgment notwithstanding the verdict involves no element of discretion, and cannot be granted unless there is no evidence nor reasonable inference from evidence to sustain the verdict.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 14, 1924, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Plummer, Zent & Lovell,* for appellant.
*Post & Russell,* for respondents.

ASKREN, J.—In this action the plaintiff sought to recover $2,500 from the defendants under an agreement dated August 12, 1919, as follows:

"Spokane, Wash. Aug. 12-19.

"Whereas George H. Huntley, deceased, before his death, and Wm. Huntley guaranteed to Exchange National Bank of Spokane a certain note for $5,000 made by New York Mining Company to Exchange

[1]Reported in 235 Pac. 27.

National Bank, and whereas said note was not paid by said New York Mining Company and said Wm. Huntley and Mattie E. Huntley, widow of George H. Huntley, were compelled to and did take up said note from said bank, and

"Whereas said William Huntley has advanced additional sums to said New York Mining Company to the total amount of $10,000, and as security therefor and on account of said original loan from Exchange National Bank has taken a note and mortgage to said Exchange National Bank of Spokane, Washington for $10,000.

"Now therefore, in consideration of the payment by said Mattie E. Huntley of the liability of George H. Huntley as guarantor on said note to Exchange National Bank aforesaid to the amount of $2,761, said bank and said Wm. Huntley agree to pay to said Mattie E. Huntley one-fourth of all sums received by them or either of them from said New York Mining Company, on account of the aforesaid mortgage and note for $10,000.

"EXCHANGE NATIONAL BANK OF SPOKANE
"Wm. Huntley."

The plaintiff alleged that, after the execution of the agreement, the bank had sold the note and mortgage to one Perry for ten thousand dollars, and that she was therefore entitled to $2,500 and interest. She had in the meantime paid the bank her liability for George H. Huntley. The defense was that the note and mortgage had been assigned to Perry for the purpose of foreclosure, and not otherwise, and that Perry had foreclosed upon the property and still held it in trust for the plaintiff Lydon and the defendant Huntley. The case was tried before a jury, and at the conclusion of the evidence was submitted to the jury and a verdict rendered in favor of the plaintiff. Later the court entered judgment for the defendant notwithstanding the verdict. Plaintiff appealed.

The sole question to be decided is whether sufficient facts were presented by the evidence for the jury to determine the issues involved.

It was the contention of appellant that the mortgage and note had been sold to Perry, and to establish this fact the evidence showed that Perry gave a note to the bank in the sum of ten thousand dollars, the proceeds of which were credited to his account. He thereupon gave a check in the sum of ten thousand dollars to the bank. In foreclosing upon the mortgage, because of liens against the property, it was necessary to advance some four thousand dollars over and above the amount of the note and mortgage, so that, when the property was purchased at foreclosure sale, the amount paid was in excess of fourteen thousand dollars.

Appellant and her sister both testified to conversations had with Perry in which he stated positively that he was now the owner of the property in question, and that no one else had any right or title to the same, and that the appellant had no interest in it. He also intimated that he was going to reorganize the mine and sell stock. Appellant also testified that she had never been notified of any assignment to Perry; that she had never given her consent to such an assignment. Respondents, upon the other hand, offered evidence to show that the giving of the note and check by Perry to the bank was only for bookkeeping purposes to keep their records straight. Witnesses testified that it was never intended to make Perry the owner of the property, but merely a trustee for the interested parties. Perry was a son-in-law of Wm. Huntley and an employee of the bank. There was also evidence that Perry's note was not paid by him, but was collaterally secured by the notes of Huntley and Mrs. Lydon previously held by the bank, and that his note was paid by Huntley and Lydon paying their notes, and that the

appellant knew all about the transaction and had discussed it many times.

The trial court was of the opinion that, since Perry upon the witness stand denied ownership of the property and claimed to hold only as a trustee, that fact in conjunction with the other evidence conclusively established the right under which Perry had taken the property. But in this we think the court was in error. The facts stated made an issue requiring determination. A motion for judgment notwithstanding the verdict involves no element of discretion (*Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490); nor can the court weigh the evidence (*Champneys v. Irwin*, 106 Wash. 438, 180 Pac. 405); nor can it be granted except in those cases where it can be said, as a matter of law, that there is neither evidence, nor reasonable inference from evidence, to sustain the verdict. *Davies v. Rose-Marshall Coal Co.*, 74 Wash. 565, 134 Pac. 180; *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166; *Caughren v. Kahan*, 86 Wash. 356, 150 Pac. 445.

The cause is reversed with instructions to pass upon the motion for a new trial.

TOLMAN, C. J., PARKER, MAIN, and BRIDGES, JJ., concur.