[No. 19481. Department One. October 29, 1925.]

EDW. B. LUNG, *Respondent*, v. W. S. CRAM *et al.*, *Appellants*.[1]

APPEAL (142)—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be assigned upon instructions to the jury that were not excepted to.

PARTNERSHIP (3)—CREATION AND REQUISITES—SHOWING PROFITS AND LOSSES—CONTRACT—CONSTRUCTION. A contract for the operation of a mill owned by the first parties, fixing the salary of the second parties and agreeing to a division of the profits, constitutes an agreement of partnership, although it failed to provide for the payment of losses, which will be implied.

SAME (15)—EVIDENCE OF PARTNERSHIP—SUFFICIENCY—AS AGAINST THIRD PERSONS. The court will not set aside the verdict of a jury, upon conflicting evidence, under instructions that were not excepted to, finding that a written contract, signed by the stockholders of a corporation owning a mill was intended as a partnership agreement,

[1]Reported in 240 Pac. 1.

rather than the contract of the company, where the minute book of the corporation showed no such meeting as was claimed, one of the signers was not a stockholder or interested in the company, and various creditors were told that he was backing the concern and the directing head of the business to be undertaken under the agreement.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered February 24, 1925, upon the verdict of a jury, rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Vance & Christensen* and *Welsh & Welsh,* for appellants.

*H. A. Rhodes, P. C. Kibbe, Harmon & Keyes,* and *Grinstead, Laube & Laughlin,* for respondent.

ASKREN, J.—Plaintiff brought this action upon a number of assigned accounts, alleging that the defendants were copartners engaged in the operation of a saw mill at Rochester, Washington. The cause was tried to a jury, and from the judgment entered upon a verdict rendered in favor of the plaintiff, the defendants, W. S. Cram and George Pearce, the only ones served with process, have appealed.

At the trial, the amounts due upon the various claims were agreed upon, and the main issue centered around the question of whether or not there was a copartnership.

Appellants assign a number of errors, all of which, save one, may be discussed under the point as to whether the evidence in the case established a partnership. A further assignment of error based upon the refusal of the court to give certain instructions can not be considered because of the failure of appellant to take any exceptions thereto.

The contract of partnership sued upon was as follows:

"This CONTRACT AND AGREEMENT made this 24th day of May, A. D., 1922, between W. S. Cram, and Ralph Pearce, P. W. Shepard and George Pearce, first parties, and C. A. Doty and Walter L. Doty, second parties, as follows:

"First parties agree to put their mill, known as Shepard Lumber Company, near Essex, Washington, into good running order, including repairing of broken head blocks, installing a complete blower system, the purchase of one additional head saw, one saw gummer, one dozen lumber trucks, and any other equipment to put said mill in good running condition, work to start on said repairing and fixing said mill not later than June 1st, 1922, and to be completed as rapidly as can be done.

"It is further agreed that C. A. Doty is hereby authorized to take any steps that are necessary to purchase or provide for said blower system, or any other equipment or merchandise, as above mentioned, and also to provide for a crew to operate said mill, and make all arrangements ready to have said mill repaired and ready for operation as soon as can be done, provided, however, all purchases of merchandise to be approved by first parties.

"That when said mill is ready for operation, the Pearce Brothers are to furnish logs, delivered to said mill at the sum of Eight ($8.00) Dollars per thousand, and the first parties are to have for the use and operation of said mill one ($1.00) Dollar per thousand, said amounts to be settled and paid for not later than the 15th of the month following the end of the month that they are delivered.

"It is also agreed that the lumber now on hand will be taken over at an average price to be agreed on later per thousand, and that if any of said piles are discovered not to be good or damaged, that that matter will be adjusted by the parties from time to time, as said piles are discovered, if any, to be damaged or not merchantable timber.

"It is also agreed that Walter L. Doty shall have full charge and be general manager of said mill and plant when in operation and shall receive as compen-

sation therefor the sum of Two Hundred ($200.00) Dollars per month, payable on the first of each and every month, providing however, that all checks shall be signed by Walter L. Doty and by George Pearce.

"C. A. Doty agrees that he will render said Walter L. Doty any assistance or advice that he can give him at any time, but Walter L. Doty agrees to devote his entire time to the operation care and management of said mill property.

"It is also agreed that when said logs are paid for, and the operating expenses are paid for, including the salary of said Walter L. Doty, then the profits, whatever they shall be, if any, shall be divided as follows: Two-thirds to W. S. Cram, P. W. Shepard, Ralph Pearce and George Pearce, and one-third to C. A. Doty and Walter L. Doty.                    W. S. Cram

"George G. Pearce
"Walter L. Doty
"P. W. Shepard
"C. A. Doty."

It is the contention of appellants that the above agreement was not an agreement of partnership, but was merely a working agreement providing for payment of salary and certain other expenses. This contract appears to have within its provisions nearly all the elements of a contract of partnership. The only essential element appearing to be lacking is a provision for the payment of losses, but it has been held that contracts of partnership need not specifically provide therefor, since a contract to divide profits carries with it by implication the provision for the payment of losses. *Dow v. Dempsey,* 21 Wash. 86, 57 Pac. 355.

The evidence showed the following state of facts: The Shepard Lumber Company was organized as a Washington corporation in 1920, and conducted its operations at Rochester, Washington. After a short period of operation, the company became heavily involved and ceased operations. The capital stock was

originally held by P. W. Shepard, W. S. Cram, George Pearce, and Ralph Pearce. W. S. Cram later transferred his stock to his son, W. R. Cram, of California. In June, 1922, the contract set out was entered into. After several months of operations, which proved unprofitable, the company went into the hands of a receiver. In the meantime, it had incurred a large amount of indebtedness for wages, supplies, material, etc., which was the basis of this suit.

Appellant offered much testimony to establish the fact that the contract entered into, although naming and signed by Cram, Shepard and George Pearce individually, was really executed by them in behalf of the corporation; that the corporation had held a meeting and decided to execute this contract. They further offered the testimony of each of the signers to the effect that there was no intention to form a partnership; that all the accounts were kept in the books of the corporation; that a return was made to the Collector of Internal Revenue in behalf of the corporation, and other facts of like character, and contend therefrom that, while the contract in question may appear to be a contract of partnership, the evidence in the case shows conclusively that it should not be given such interpretation.

The controverting evidence of respondents detailed many facts, some of which may be summarized as follows: While the appellants claim that a meeting of the corporation was held for the purpose of entering into the contract in question on behalf of the corporation, no minutes were spread upon the books of the corporation, nor was there any mention in the minute books of the corporation of the contract in question, although appellants at the trial offered a penciled memorandum of the minutes of the meeting. W. S. Cram, who signed the contract apparently as an in-

dividual, claims to have been acting upon behalf of his son, W. R. Cram, to whom he had previously transferred his stock. Cram was not, at the time of entering into the contract, a stockholder in the corporation, nor was he connected with it in any official capacity. He, as well as some of the others, was a man of extended business experience, interested in various corporations, and no satisfactory explanation was offered for the failure to have this contract signed in the name of the corporation. Walter Doty, although denying the intention to form a partnership, testified that he told various creditors that W. S. Cram was behind the concern, and that he would see them through, and it appears that W. S. Cram advanced money for the conduct of the business. He further testified that Cram told him that he might use his (Cram's) name, if necessary, in securing credit; that he looked to Cram as the directing head of the business; that important matters were always taken up with Cram; that all final settlements were referred to him; and that it was his understanding that W. S. Cram was to receive one-third of the profits and the Pearce Brothers two-thirds. Several of the creditors testified that they had been advised by Walter Doty that Cram was backing the concern, and they need have no fear of not receiving their money.

Enough has been detailed to show there was a sharp conflict in the testimony as to whether this business was conducted as a partnership or as a corporation. It is unnecessary for us to decide whether the contract was sufficiently complete and unambiguous to require the court to charge the jury, as a matter of law, that it constituted a partnership. The court did submit that question under instructions which stand unexcepted to, and the jury determined that fact adversely to appellants. Under our decisions, the superior court

is warranted in setting aside the verdict only where there is want of substantial evidence on some material matter in issue to justify the finding. See *Lydon v. Exchange National Bank,* 134 Wash. 188, 235 Pac. 27, and cases therein cited.

Nor can we, upon this state of facts, hold that the superior court abused its discretion in refusing to grant a new trial.

There being no reversible error in the record, it follows that the judgment of the superior court was right. The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.