[No. 21211. Department Two. July 3, 1928.]

# F. W. CRARY, *Appellant*, v. FLORENCE A. COFFIN, *Respondent*.[1]

[1] JUDGMENT (54)—TRIAL (63)—NOTWITHSTANDING VERDICT. Upon a direct conflict of the evidence upon the issuable facts, the court cannot enter a judgment notwithstanding the verdict of the jury to the contrary.

[2] WITNESSES (97) — CREDIBILITY — GROUNDS OF — ATTORNEY FOR PARTY. Evidence of the party's attorney cannot be said to be so colored by self-interest as to be of no probative force.

[3] ESTOPPEL (33)—JUDICIAL PROCEEDINGS—INCONSISTENT CLAIM OR POSITION. A client's claim, in his own interest, in one suit that his attorney's services were reasonably worth $5,000, is not binding upon his estate in a subsequent action to recover the fee; especially where there was no estoppel because no one was misled, and where in a former action the court had fixed a smaller sum as the reasonable fee.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered July 5, 1927, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*McBurney & O'Brien* and *F. W. Crary*, for appellant.

*E. M. Farmer*, for respondent.

ASKREN, J.—Plaintiff instituted an action against Florence A. Coffin, as executrix of the estate of E. A. Coffin, deceased, to recover the sum of $3,917.10, alleged to be the balance due for legal services performed for E. A. Coffin. The jury returned a verdict for defendant and upon entry of judgment in conformity therewith, this appeal was taken. Since the perfection of the appeal, the executrix died and there has been substituted, as party defendant, the administratrix

[1]Reported in 268 Pac. 881.

with the will annexed of the estate of E. A. Coffin, to wit: Clara A. Piper.

[1] It is urged that the court erred in failing to grant judgment for the appellant notwithstanding the verdict. Remembering that the rule is that the trial court can grant such a judgment only when there is neither evidence nor reasonable inference from evidence to support the verdict, let us turn to the issuable facts. *Lydon v. Exchange National Bank,* 134 Wash. 188, 235 Pac. 27.

Appellant sued for legal services running over a long period of time. The services were not disputed to any extent as far as the evidence was concerned, the main issue being whether the services were worth the amount claimed. The total services were alleged to be worth $6,243.45, and it was admitted that deceased had paid a total of $2,326.65. It was respondent's contention that the amount already received by appellant was the reasonable value of the services rendered. There was evidence on behalf of appellant that the services were worth as much or more than the amount sued for. Contradicting this was the testimony offered by respondent that the services were worth no more than the amount received. This made a square cut issuable fact for the jury to determine. Where the evidence presents such an issue there can be no question but what the rule referred to prohibits the court from entering its judgment in opposition to the verdict.

[2] Appellant, however, seeks to avoid the effect of the rule by insisting that the evidence offered by respondent concerning the value of the services was so impeached and actuated by self interest that the trial court should have ruled it out of the case, and held that there was no evidence contrary to the appellant's on the value of the services. The evidence which appel-

lant claims to be of no value was given by the attorney for respondent, who, during the trial and while acting as attorney for respondent, became a witness and testified concerning the value of the services rendered by appellant. The point is made, apparently, that the testimony of an attorney under such circumstances is so colored by self-interest as to be valueless. But we know of no such rule of law nor has any been called to our attention. It may well be that such a condition should be carefully considered by the jury in determining the weight to be given such testimony, but no court is justified in saying that such testimony has no weight. But the argument urged here has little application to the peculiar facts in this case. Respondent's attorney was associated with appellant in some of the actions wherein the services were rendered and for which suit was brought. He had a peculiar knowledge of the work done, its results, the understandings and agreements with reference thereto as well as fees to be paid. The point urged is without merit.

[3] The next claim of error is that the verdict is contrary to the evidence because of its inadequacy of recovery, and that the court erred in not granting a new trial. Of the $6,243.45 claimed for services on the whole account, $5,000 represented services in several actions wherein the deceased had sought to recover from certain defendants by reason of a liability which fastened on him originally through signing a supersedeas bond for $7,500 upon appeal of another action to this court, and which had been affirmed. It is unnecessary to say more regarding this than that several actions were brought as a result thereof, with more or less varying results. In one of those actions, the deceased was represented by appellant and also by respondent's counsel. In detailing the claim for recov-

ery from the parties who were defendants therein, deceased alleged that he had become indebted to appellant for legal services performed theretofore in connection with the suits, and that such services were reasonably worth the sum of $5,000. On the trial of that action, the court held that the services were of the value of $2,200, and allowed recovery thereof.

It is said that decedent, by alleging the value of the services to be $5,000, his representative is estopped to now deny the value so set. But the theory of estoppel in judicial proceedings does not operate to bind one conclusively by pleadings in actions, unless one of the parties has been misled thereby and their interests are adverse. *Pinell v. Roppo,* 134 Wash. 158, 234 Pac. 1035.

Appellant was not a party to that proceeding, save as counsel therein. It was to his interest far more than to the decedent's, to place a large value upon his services. It surely would be unconscionable to say that a client can not allege in an action against another that his attorney's services were worth a certain amount, without being bound to the attorney for the same amount, even though the trial court should disagree and fix a much smaller fee. In the case under discussion, the trial court fixed the value of the services, not at $5,000, but at $2,200. The allegation as to the value of the services was an admission which the jury would have a right to consider, but it was not conclusive.

Other questions have been considered, but we deem them without substantial merit.

The record discloses that appellant had a fair trial upon contested issues, and the judgment upon the verdict must be and is affirmed.

FULLERTON, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.