142 So. 127

PALMER et al. v. OSCAR DOWLING FOOD PRODUCTS, Inc., et al.

No. 27420.

April 25, 1932.

Rehearing Denied May 23, 1932.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellants.

Bond, Curtis, Hall & Foster, of New Orleans, for Mrs. Lula T. Dowling, administratrix of succession of Dr. Oscar Dowling, for appellee.

BRUNOT, J.

This is a suit against the Oscar Dowling Food Products, Inc., Dr. Oscar Dowling, and P. H. Roberts, in solido, for $140,000, represented by twelve promissory notes, with 8 per cent. per annum interest on each note from its maturity, and 10 per cent. of the sum of each note and the interest thereon, as attorney's fees.

The notes are in two series. They were executed by the Oscar Dowling Food Products, Inc., and indorsed by Dr. Oscar Dowling and P. H. Roberts. The first series consisting of five notes were executed on and between June 18, 1921, and July 13, 1921. Two of these notes are for $20,000 each and three are for $10,000 each. The five notes represent a total sum of $70,000. They are all payable, on demand, to the order of Honore Palmer and Potter Palmer, trustees. The second series of seven notes were executed in 1922, the total sum of these notes is $70,000. Each of the seven notes is payable ninety days after its date and all are payable to the order of

the maker at the Whitney-Central Trust & Savings Bank, City Bank Branch. These notes were accepted by the bank under a continuing guaranty of the plaintiffs. The notes were not paid by the maker but were taken up by the agent of the plaintiffs. The bank's indorsement on the notes is as follows:

"Transferred to Honore & Potter Palmer without recourse."

The Oscar Dowling Food Products, Inc., and P. H. Roberts did not answer the suit, and in due course judgment by default was entered against them as prayed for in the petition. Dr. Oscar Dowling, in his original answer to the suit, alleges that he was merely an accommodation indorser for the plaintiffs and the Oscar Dowling Food Products, Inc. He repeats this allegation in a supplemental and amended answer, in which he further alleges that he was an accommodation guarantor for and cosurety with the plaintiffs.

Plaintiffs filed a rule to strike out the supplemental and amended answer, but neither in the minutes or elsewhere in the record does it appear that this rule was ever submitted to or considered by the court.

Before the case was tried, the defendant filed exceptions of no right and no cause of action. The record discloses that these exceptions were referred to the merits; but, as they were not passed upon in the lower court, they are renewed in this court. The case was argued and submitted on the issues recited and there was judgment in favor of the defendant and against the plaintiffs, dismissing the suit at their cost, and plaintiffs appealed from the judgment.

The trial judge found the facts to be as follows:

"The testimony is very clear that this venture was almost entirely financed by the plaintiffs, who desired to make use of the defendant's name for business purposes. Dr. Dowling testified very clearly that his endorsement was purely formal, and that it was clearly understood with plaintiffs' agent that he would incur no personal liability thereby. Plaintiffs held in pledge all of the stock in the Dowling Company, including $15,000.00 of stock in the name of Dowling. $5,000.00 of which represented Dr. Dowling's personal funds.

"It appears that the plaintiffs undertook the liquidation of the Dowling Company following the payment of the notes sued upon, and, to my mind, this is significant of the fact that it was their investment, as contended by the defendant.

"Neither of the plaintiffs testified to rebut the testimony given by Dr. Dowling; on the other hand, the testimony given by plaintiffs' witnesses rather corroborated that of Dr. Dowling."

We have read the testimony carefully and the facts established by it are accurately stated by the trial judge.

■■■ The plaintiffs contend that the defendant's supplemental and amended answer changed the nature of the defense and should have been excluded. Although plaintiffs filed a rule to strike out defendant's supplemental answer, the record shows that no effort was made to obtain a ruling thereon. On the contrary, the plaintiffs apparently ignored the rule and voluntarily went to trial upon the merits. Litigants may directly or impliedly

waive their legal rights. In the case of Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587, 588, the court said:

"The tendency of modern practice is to yield as little as possible to technicalities, and to afford aid as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs."

In Schlater v. Le Blanc, 121 La. 919, 46 So. 921, 922, the court held that the supplemental petition was properly allowed. In the opinion it is said:

"The courts of original jurisdiction have discretion in matter of amendments."

In Bussey v. Rothschild, 27 La. Ann. 316 it is said:

"Amendments should always be allowed, when justice would be subserved thereby. If the defendant was taken by surprise thereby, which is not probable, he might have obtained a continuance on that ground."

We note that in defendant's original answer he specially reserves the right to amend his answer in any respect and as to all particulars.

Plaintiffs contend that the agency of Mr. Wright was not established by legal proof and his alleged release of Dr. Dowling of liability is a special defense which was not pleaded. Under the pleadings oral testimony was admissible to show that Dr. Dowling was an accommodation indorser of the notes and a cosurety and guarantor with the plaintiffs, and this, we think, the admissible evidence establishes.

Civ. Code, art. 3058, is as follows:

"When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him."

The textural provision of the foregoing article is followed literally in the case of Stockmeyer v. Oertling, 35 La. Ann. 467.

Defendant's exceptions of no right and no cause of action are urged as against plaintiffs' suit upon the first series of five notes, upon the ground that these notes are payable to the plaintiffs, as trustees, but they seek to recover upon them in their individual capacities. As to the second series of seven notes, it is contended that these notes were not indorsed or transferred to plaintiffs in due course, but were paid by the plaintiffs. The facts disclosed by the notes themselves and plaintiffs' petition sustain the defendant's contentions as to both series of the notes. The first series, on their face, are payable to plaintiffs as trustees, and in article 10 of the petition the plaintiffs allege that the second series of notes were *paid* by the plaintiffs because of their continuing guaranty to the bank. Not having acquired the notes in due course, as a holder thereof, the rights of plaintiffs against the defendant are such as may be enforced under the provisions of Civ. Code, art. 3058.

For the reasons stated, the judgment appealed from is avoided, and it is decreed that defendant's exceptions of no right and no cause of action be sustained and that this suit be dismissed at plaintiffs' cost.

O'NIELL, C. J., absent.