[No. 24475. Department One. July 24, 1933.]

ALFRED FREITAG, *Respondent*, v. WILLIAM LUND et al., *Appellants*.[1]

*J. Bruce Polwarth*, for appellants.

*Roswell J. Quinn* and *Mitchell Doumit*, for respondent.

HOLCOMB, J.—This court struck the statement of facts brought up in this case, by reason of which there can be but one assignment of error discussed.

The amended complaint is quite lengthy, and it will not be necessary to set it out at length. In each of the two causes of action in the amended complaint, respondent alleged that appellants were, and now are, at all times hereinafter mentioned, husband and wife, and that all the things hereinafter alleged to have been done by them or either of them were done for the marital community composed of appellants.

The first cause of action alleged an oral agreement of copartnership entered into by and between respondent and appellant, the husband, for and on behalf of himself and the community and by and with the ap-

[1]Reported in 24 P. (2d) 60.

proval of the wife, for the purpose of improving, by clearing, grubbing and placing in a tillable condition and managing and operating it by respondent, certain real estate situated in Wahkiakum county, Washington, therein described, which was owned by appellants, known to the parties as the "lower place." Allegations were then made as to the furnishing of certain help and necessary expenses by appellants, and in consideration of the oral agreement, respondent agreed to move upon the land and devote his attention to the clearing, grubbing, grading, placing in a tillable condition and managing and doing all other things necessary for the operation of the premises described.

The first cause of action further alleged that, at the time of entering into the agreement, the property described was of little or no value; that, pursuant to the agreement, respondent entered upon the premises during the month of May, 1925, and remained thereon, continuously devoting his time, labor and efforts to the clearing, grading, grubbing and placing in a tillable condition of the premises described, and performed and completed all the covenants of the agreement for clearing, grading, grubbing, etc.; that respondent had placed a considerable quantity of stock upon the farm, had paid taxes and assessments upon the land, and had repeatedly requested appellants to convey to him the undivided one-half interest in and to the property described, in pursuance of the oral contract, and to account to the copartnership for all funds derived from the partnership business, but that they neglected and refused so to do. There was also an allegation that appellants were estopped from asserting that the agreement was not their community agreement.

The second cause of action alleges the same facts with reference to another tract of land therein described, known to the parties as the "upper place."

It is further alleged that appellants were estopped from asserting that the agreement was not their community agreement.

Respondent prayed judgment that the copartnership be dissolved; that a full and complete accounting be taken of all the copartnership dealings and transactions from the commencement thereof, and of the money received and paid by appellants in relation thereto; that all personal property belonging to the copartnership be equally divided between them; that appellants be required to convey to respondent an undivided one-half interest in and to the property described in each of the two causes of action.

A demurrer by appellants to each of the causes of action set out in the amended complaint, upon the grounds that the same, or either of them, do not state facts sufficient to constitute a cause of action or to entitle respondent to the relief prayed for, was overruled by the court. After a trial, findings of fact and conclusions of law were entered by the trial court, and substantial sums granted respondent.

Appellants' only contention available to them on this appeal is that the complaint did not state facts sufficient to constitute a cause of action, because it did not include any agreement to share losses as well as gains.

If two persons agree to engage in a joint adventure, one to furnish the capital and the other the skill and labor, and both are to share the profits, the law presumes an agreement to share the losses also, for there is no more reason to hold that the one should bear them than the other. *Dow v. Dempsey,* 21 Wash. 86, 57 Pac. 355. The same principle was approved, and that case reaffirmed, in *Lung v. Cram,* 136 Wash. 397, 240 Pac. 1. To the same effect is 46 C. J. 669.

592

The findings of fact and conclusions of law follow the allegations of the complaint, and therefore sustain the judgment.

Affirmed.

BEALS, C. J., MITCHELL, BLAKE, and MILLARD, JJ., concur.